## MOORE v. SHARP.

### (*Nashville.* December 23, 1896.)

1. CIRCUIT COURT. *Exercises judicial functions in determining contest for office of Sheriff.*

   The Circuit Court, in determining an election contest involving the office of Sheriff, does not sit as a special tribunal, but as a Court in the exercise of its judicial functions. (*Post, pp. 66–68.*)

   Code construed: §§ 1308, 1309 (S.); §§ 1097, 1098 (M. & V.); §§ 888, 889 (T. & S.).

   Cases cited and approved: Dodd v. Weaver, 2 Sneed, 669.

   Cited and distinguised: *Ex parte* Chadwell, 1 Tenn. Ch., 96; Wade v. Murray, 2 Sneed, 50.

2. APPEAL. *Lies from judgment in contested election case.*

   And an appeal lies from the judgment of the Circuit Court in a case of contested election over the office of Sheriff. (*Post, pp. 66–70.*)

   Code construed: §§ 4879, 4891 (S.); §§ 3864, 3876 (M. & V.); §§ 3147, 3159 (T. & S.)

   Cases cited and approved: Dodd v. Weaver, 2 Sneed, 669; Blackburn v. Vick, 2 Heis., 377; Lewis v. Watkins, 3 Lea, 179; Boring v. Griffith, 1 Heis., 456.

   Cited and distinguished: Wade v. Murray, 2 Sneed, 50; *Ex parte* Chadwell, 2 Tenn. Ch., 96.

---

FROM DAVIDSON.

---

Appeal in error from First Circuit Court of Davidson County. J. W. BONNER, J.

14 p—5

J. H. ACKLEN, SMITH & MADDIN, GRANBERY & MARKS, and M. W. ALLEN, for Moore.

BARTHELL & KEEBLE, JOHN ALLISON, and HAMILTON PARKS, for Sharp.

BEARD, J. This is a contested election case, involving the office of Sheriff of Davidson County. The contest proceedings were instituted in the Circuit Court of that county, and the contestant's petition was there dismissed after a trial upon the merits. From this judgment of dismissal he has brought this case, by a broad appeal, to this Court. The cause is now presented to us, upon a motion of the contestee, to dismiss this appeal, which is rested upon two grounds: First, that there is no statute authorizing an appeal in this case; second, that even if an appeal is warranted, it cannot be taken, as contestant has attempted to do in this case, upon the pauper oath.

It is proper to say that the attorneys for contestee frankly admit that if the first contention is against them that they place little, if any, reliance on the second and last; in fact, it is practically abandoned in the brief submitted by them. They earnestly urge, however, that their first insistence is well taken. This insistence rests, as we understand from the argument, upon the ground assumed by them, that the Circuit Court, in disposing of this contest, was sitting as a special tribunal, and was not at the time in the exercise of its judicial func-

tions. This must be true to bring this case within the principle recognized by Chancellor Cooper in *Ex parte Chadwell*, 1 Tenn. Chy., 96, and applied by this Court in *Wade* v. *Murray*, 2 Sneed, 50. This is the pivotal point, so far as the present question is concerned.

Under the head of "Contested Elections" are to be found the provisions of the Code fixing the jurisdiction for the trial of various election contests. Only two of these need be examined, and they will be placed in juxtaposition, as we think they serve materially to throw light, one on the other. Section 1097 (M. & V.) of the Code provides that "the County Court is authorized to hear and determine all cases of contested elections of Justices of the Peace, Constables, County Trustees, County Registers, County Court Clerks, County Surveyors, or Rangers," while § 1098 provides for contests with regard to the office of Sheriff, among other officers. It is in these words: "The Circuit Court hears and determines all contests of the election of Sheriff . . ."

It will thus be seen that the terms used in conferring jurisdiction upon these two Courts, to try such contests as might arise over the various offices named in the two sections, are in every respect equivalent. The County Court is to "hear and determine" such contests as the Legislature has seen proper to submit to its jurisdiction, while the Circuit Court "hears and determines all contests" which are within the letter of the statute conferring its

jurisdiction. Not only is this clear, but we think it equally free from doubt, that this jurisdiction is conferred on these respective Courts as Courts, and not as special tribunals without judicial functions, and that when either entertains a case of contest, within the limits of its statutory jurisdiction, it does so as a judicial tribunal, and that its judgment in such a case is subject to review, as is its judgment in any controversy involving property or other rights. At least such has been the ruling of this Court as to contests instituted under § 1097 in the County Court.

*Dodd* v. *Weaver*, 2 Sneed, 668, was a case of a contested Constable's election, and it was there argued, as it is here, that the judgment of the County Court was final and conclusive upon the parties. To this contention this Court said: "It is made the duty of the Court to hear proof and decide the case upon evidence. The return of the Sheriff is not conclusive, but merely *prima facie* evidence of the right to the office; and the function of the County Court is not ministerial, but judicial, as it relates to a matter in litigation. 3 Kent's Com., 365; *Misthurst* v. *Waite*, Burr, 1259. As to the nature of the subject in contest, the office is an incorporeal right, and it consists in the right to execute a public trust and to take the emoluments belonging to it. 3 Kent's Com., 362. Now, if the County Court erroneously decided against the person entitled to the office, it is an injury to private right

for which there ought to be a remedy. The remedy is to be found in the Circuit Court. That Court possesses a general revisory jurisdiction over all inferior Courts. . . . The Court cannot be closed, but must be open to the injured party, who is entitled to remedy by due course of law. Const., Art. I., Sec. 17." The Court, in that case concluded, therefore, that the judgment of the County Court in such a contest was not final, but was subject to revision, upon the facts and the law, by virtue of the provision of Ch. 99 of the Acts of 1844, carried into the M. & V. Code at § 3864, which is in these words, to wit: "Any person dissatisfied with the sentence, judgment, or decree of the County Court may pray an appeal to the Circuit Court of the county, unless it is otherwise expressly provided by this Code." This view has been recognized as sound in 2 Heis., 377; 3 Lea, 179.

With regard to a contest in the Circuit Court over the office of Sheriff, it, as do these statutory contests before the County Court, involves every element of a lawsuit. It is begun by giving notice to the contestee of the purpose to contest, and it is a litigation between two parties—private individuals— as to the right to exercise the functions and enjoy the emoluments of the office (*Boring* v. *Griffith*, 1 Heis., 456), and it is determined upon evidence as to facts and a consideration of questions of law arising thereon, as is any other legal controversy. In such a case, as in *Dodd* v. *Weaver, supra,* the

right asserted is an incorporeal one, and it is enforced by a civil proceeding. This being so, we think no sound reason can be suggested why the defeated party has not a right to avail himself of an appeal to this Court in view of the terms of § 3876 of the M. & V. Code, which is as follows : "Any one or more of the parties to a judgment or decree may pray and obtain an appeal therefrom, the judgment remaining in full force against such of the parties as do not appeal."

This Court has, as is conceded by contestee, considered upon appeal a number of cases of contest over the office of Sheriff, but it is said this involved simply questions of law and not a rehearing on the merits. This, however, is not a sufficient answer to the authority of those cases. The only way to avoid their effect is to maintain the position assumed by the contestee, that is, that the Circuit Court in such a case is a special tribunal, and does not exercise judicial authority. If it does not, then its errors of law can no more be corrected upon appeal than its errors of fact.

These general observations show the inapplicability of *Wade* v. *Murray*, 2 Sneed, 50, and kindred cases. That case was a contest over the office of Attorney-general. Under the statute, the Chancellor was empowered to try it. He was constituted a special officer for this purpose. His finding constituted no part of the records of the Chancery Court, but it was sufficient that it be certified to the Governor

Moore *v.* Sharp.

for his action. In view of these peculiarities, it was properly held that, in the absence of statutory authority, this Court had no supervisory power over his findings.

It follows that the motion to dismiss is not well taken, and must be overruled.