# T. J. ADCOCK *et al. v.* JOHN C. HOUK *et al.*

## (*Knoxville.*   September Term, 1909.)

1. **INJUNCTION.** Chancery cannot enjoin election officers from issuing certificate of election, nor the officers from assuming their functions.

   The chancery court has no jurisdiction or power to enjoin election officers from issuing a certificate of election, or to restrain public officers from assuming their functions, even though it be alleged that there was fraud in the election sufficient to vitiate it, and though the suit was not instituted by an opposing candidate. (*Post, pp.* 273, 274.)

2. **CONTESTED ELECTIONS.** Bill of officers seeking to hold over and to prevent newly elected officers from assuming office presents a case of contested election.

   A bill filed by the old board of mayor and aldermen, seeking to hold over and to prevent the new board from assuming office and discharging the duties thereof, on the ground that the election was void by reason of certain frauds committed in the progress thereof, which made the result incurably uncertain, presents a contested election case, pure and simple. (*Post, pp.* 274, 275.)

   See headnote, 6.

3. **CHANCERY JURISDICTION.** Cannot be conferred by injunction suit whose very life is the injunction and which involves a contested election of which chancery has no jurisdiction.

   A distinction must be taken between the jurisdiction of the chancery court and the propriety of applying a particular remedy; but the rule does not apply so as to give chancery jurisdiction where the very life of the bill is the injunction sought by means of which the complainants seek to retain possession

of the offices, after their time has expired, and to prevent the defendants, who have a *prima facie* title, from assuming the duties of the office, where such bill presents a contested election case which the chancery court has no jurisdiction to try. (*Post, pp.* 274, 275.)

4. **CONTESTED ELECTIONS.** Election and other contests over offices of mayor and aldermen is in the circuit court, and not in chancery.

The jurisdiction of an election contest or other contest over the offices of mayor and aldermen is in the circuit court, and not in the chancery court, for the reason that no tribunal is in terms designated by statute for the trial of such cases, and no tribunal is provided for the induction of these officers, and because the statute provides, in substance, that the circuit court has jurisdiction in any case left unprovided for. (*Post, pp.* 274, 275.)

Code cited and construed: Sec. 6063 (S.); sec. 4997 (M. &ʼ V.); sec. 4225 (T. & S. and 1858).

Cases cited and approved: Conner v. Conner, 8 Bax., 11; Baker v. Mitchell, 105 Tenn., 610.

5. **SAME.** The incumbent, the inducting court, or the unsuccessful candidate may contest the successful candidate's election and right to the office.

The incumbent of an office, though not a candidate for re-election, may object to the induction of the person holding the certificate of election and. contest the matter with him on the ground that the election was void, or such contest may be raised by the court itself, upon which is devolved the duty of inducting the officer, or an unsuccessful candidate may maintain a contest with his successful opponent on the ground that the latter was disqualified to hold the office, and hence that the election was void; for the validity of an election may be determined in a contested election case. It is not required that there must be opposing candidates involved in the litigation before there can be a contested election case. (*Post, pp.* 275, 276.)

Adcock v. Houk.

Cases cited and approved: Marshall v. Kerns, 2 Swan, 68; Mc-Craw v. Harralson, 4 Cold., 34; Lewis v. Watkins, 3 Lea, 174, 181, 182; Maloney v. Collier, 112 Tenn., 78, 91-94.

6. **SAME.** Defined to be going behind the returns to ascertani who was elected, or to determine whether there has been any legal election.

Where the questions raised by the litigation necessitate going behind the returns, the case presented is an election contest, whether the judgment to be rendered under the pleadings be that the one or the other of two contesting parties has been elected, or that there has been no legal election at all. (*Post, pp.* 275, 276.)

See headnote, 2.

Cases cited and approved: Marshall v. Kerns, 2 Swan, 68; Mc-Craw v. Haralson, 4 Cold., 34; Lewis v. Watkins, 3 Lea, 174, 181, 182; State, ex rel., v. Gossett, 9 Lea, 644; Maloney v. Collier, 112 Tenn., 78, 91-94.

7. **SAME.** Cases involving annexation of corporate territory, county subscriptions to railroad companies, and removal of county seats are not contested election cases.

Cases involving the annexation of new territory to a city, county subscriptions to railroad companies, and the removal of county seats are controversies not falling under the classification of contested election cases, but, on the contrary, under the class of cases wherein the chancery court restrains public officers from the exercise of unconstitutional powers, where such court's jurisdiction is invoked on the ground that the people had not given their consent to or directed the proposed action by the constitutional prerequisite and required majority; and the means by which the will of the people is ascertained and their consent obtained is merely by accommodation or convenience called an "election." (*Post, pp.* 276-278.)

Cases cited and approved: Winston v. Railroad, 1 Bax., 69; Morris v. Nashville, 6 Lea, 337; Lindsay v. Allen, 112 Tenn., 659, 660, 661; Catlett v. Railroad, 120 Tenn., 702.

8. **MANDAMUS.** Officer sought to be coerced by mandamus to recognize another as an officer or to obey some supposed mandate may question the same.

Where it is sought by *mandamus* to compel an officer to recognize some other person as an officer, or to obey some mandate supposed to be the mandate of the people rendered in the form of an election, it necessarily results that the officer or person so sought to be coerced must have the right to question whether the person put forward as an officer to be received is in fact an officer, or whether the presumed direction is a real direction of the people. (*Post, pp.* 276-278.)

Cases cited and approved: Pucket v. Bean, 11 Heisk., 600; Lawrence v. Ingersoll, 88 Tenn., 52.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.—
HUGH L. McCLUNG, Chancellor.

WEBB & BAKER, SHIELDS, CATES & MOUNTCASTLE, LUCKEY, FOWLER & ANDREWS, and JOHN W. GREEN, for complainants.

THOMAS L. CARTY, for defendants.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

The bill in the present case was filed on June 7, 1909, in the chancery court of Knox county, by the board of

mayor and aldermen of the city of Lonsdale, made such by the election held the first Thursday in June, 1907, for a term of two years, against the new board elected on the first Thursday in June, 1909. The old board was composed of T. J. Adcock, mayor, J. M. Wood, recorder, and Robert Snow, Sam Milwee, Joe Ford, Sam De Armond, Sam Johnson, and F. E. Stanford, aldermen. The new board is composed of M. M. Copenhaver, mayor, W. B. Ailor, recorder, H. E. Chrisenberry, W. H. Davis, C. L. Householder, J. A. Bean, S. G. Sentell, and C. O. Gentry, aldermen. It is alleged in the bill that various acts of intimidation were used against nonresident property holders, who had a right to vote under the charter of the city, whereby a sufficient number of them were restrained from voting to change the result of the election, and to render the election incurably uncertain, and hence that there was no free election, such as the law contemplates and provides. It is therefore further alleged that the election was void. It was alleged that on the face of the returns the defendants were elected, and that unless restrained the election commissioners would meet at the courthouse in Knoxville, on Monday, June 7, 1909, and canvass the returns and issue certificates of election to the defendants. An injunction was prayed and granted, restraining the election commissioners from canvassing the votes and from issuing certificates to the defendants, and also restraining the defendants from entering upon

the discharge of their duties as mayor and aldermen. Stated briefly, this is a bill filed by the old board of mayor and aldermen, seeking to hold over and prevent the new board from assuming office and discharging the duties thereof, on the ground that the election was void by reason of frauds committed in the progress thereof, which made the result incurably uncertain.

Several grounds of demurrer were filed, but we need only state the first, which is that the chancery court has no jurisdiction of the controversy. The chancellor sustained this ground of demurrer, and dismissed the bill. Thereupon the complainants prosecuted an appeal to this court, and have here assigned errors.

The decree of the chancellor was correct, and must be affirmed. The chancery court has no power to enjoin election officers from issuing a certificate of election, or restraining public officers from assuming their functions, even though it be alleged that there was fraud in the election sufficient to vitiate it. 22 Cyc., 1886; 10 Am. and Eng. Enc. of Law, 817, 818; High on Injunctions, sections 1312, 1316.

It is insisted in the brief of complainants' counsel that a distinction must be taken between the jurisdiction of the court and the propriety of applying a particular remedy. This is true; but the suggestion is not apt in the present case, because the very life of the bill before us is the injunction sought, by means of which the complainants seek to retain possession of the offices, after their time has expired, and prevent the defend-

ants, who have a *prima facie* title, from assuming the duties of the office.

Aside, however, from the question of the remedy, we are of the opinion that the chancery court has no jurisdiction of the controversy. The facts stated make the case one of contested election pure and simple. No tribunal being in terms designated by statute for the trial of such cases as a contest over the offices of mayor and aldermen, and no tribunal being provided for the induction of these officers, it follows that the jurisdiction devolves upon the circuit court, under the section of the Code which provides in substance, that the court has jurisdiction in any case left unprovided for. It was so held in *Baker* v. *Mitchell,* 105 Tenn., 610, 59 S. W., 137. See, also, *Conner* v. *Conner,* 8 Baxt., 11.

It is insisted. in behalf of complainants that there can be no contest, except between persons who are candidates for the office. This is a mistaken view. It was held in *Marshall* v. *Kerns,* 2 Swan, 68, that the incumbent might object to the induction of the person holding the certificate of election, and contest the matter with him on the ground that the election was void, although such incumbent had not been a candidate for election. It was held in *McCraw* v. *Harralson,* 4 Cold., 34, that such a contest might be raised, indeed, by the court itself, upon which was devolved the duty of inducting the officer; in *Lewis* v. *Watkins,* 3 Lea, 174, 181, 182, that one who had been an opposing candidate, although he received less votes than his opponent, might main-

tain a contest with him, on the ground that the latter was disqualified to hold office, and hence insist that the election was void. It was held, in *Maloney* v. *Collier,* 112 Tenn., 78, 91-94, 83 S. W., 667, that it is settled law in this State that the validity of an election may be determined in a contested election case. The authorities above referred to, and others, are cited and discussed in that case. Our authorities do not warrant any such distinction as is attempted in the brief of complainants' counsel, to the effect that there must be opposing candidates involved in the litigation before there can be a contest, and that where there are not such opposing candidates the jurisdiction exists in the chancery court to declare the election void on the ground of fraud. Our authorities distinctly hold that, where the questions raised by the litigation necessitate going behind the returns, the case presented is an election contest, whether the judgment to be rendered under the pleadings be that one or the other of two contesting parties has been elected, or that there has been no legal election at all. Authorities supra, and *State, ex rel.,* v. *Gossett,* 9 Lea, 644.

We are referred by counsel to certain cases as justifying the bill, viz.: *Pucket* v. *Bean,* 11 Heisk., 600, and *Lawrence* v. *Ingersoll,* 88 Tenn., 52, 12 S. W., 422, 6 L. R. A., 308, 17 Am. St. Rep., 870 (*mandamus* cases); *Morris* v. *City of Nashville,* 6 Lea, 337 (a case involving the annexation of a new territory to a city); *Winston* v. *Railroad Co.,* 1 Baxt., 69, and *Catlett* v. *Railroad,* 120

Adcock v. Houk.

Tenn., 702, 112 S. W., 559 (cases involving county sub-scriptions to railroads) ; and *Lindsay* v. *Allen,* 112 Tenn., 659, 82 S. W., 171 (involving the removal of a county seat). In *Lindsay* v. *Allen* the jurisdiction of the chancery court was objected to on the ground that it was a matter involving a contested election. The court said, upon that subject, that the case fell within the principle of *Winston* v. *Tennessee & Pacific R. R. Co.,* supra; that the occasion of the interference of the court in that case was to declare void the subscription of a county to a railroad enterprise, because a constitu-tional prerequisite, the consent of the people by the re-quired majority, had not been obtained, while in the case then before the court the jurisdiction was invoked on the same ground to prevent the removal of a county seat; that the underlying principle was the same in such case, although the special occasion that called it into being was different; that such controversies do not fall under the classification of contested election cases, but, on the contrary, under the class of cases wherein the court restrains public officers from the exercise of unconstitutional powers. 112 Tenn., 659, 660, 661, 82 S. W., 171.

It is also said in *Winston* v. *Railroad Co.,* that the means by which the will of the people is ascertained and their consent obtained to the making of a contract is merely by accommodation called an "election." This is also true as to cases in which it is sought to ascertain the same thing in respect of a proposition to remove a

county seat. When a question is subsequently raised as to whether the people really consented to the proposed action, it is necessary that the court having jurisdiction of the matter should investigate the operation of the means adopted in order to learn whether the consent was truly obtained. The court of chancery is, of course, the proper tribunal to enjoin the acts of officers purporting to obey an alleged direction of the people, when it is charged that there was, in fact, no such direction, because of fraud practiced upon the people or the violation of some constitutional inhibition. The same is true, when the question arises as to whether the people have truly directed the removal of a county seat from one part of a county to another. As to *mandamus* cases, when it is sought to compel an officer to do some particular thing— that is, to recognize some other person as an officer, or to obey some mandate supposed to be the mandate of the people rendered in the form of an election—it necessarily results that the officer or person so sought to be coerced must have the right to question whether the person put forward as an officer to be received is in fact an officer, or whether the assumed direction is a real direction of the people.

Affirm the decree, with costs.