Richards, J.
This proceeding in error grows out of a contest of the election for mayor held on November 2, 1915, in the city of Toledo. As a *63 result of that election the election officials returned Charles M. Milroy as duly elected to the office of mayor. Shortly thereafter proceedings were commenced in the court of common pleas to contest the election, by filing in that court a notice of appeal, the same being filed' by Charles W. McGuire, as contestor, and the contestees named therein being Charles M. Milroy, George A. Murphey and Carl H. Keller. This proceeding was heard in the court of common pleas before three judges of that court sitting together for that purpose, and by the judgment of that court, as rendered by said judges, it was found that Charles M. Milroy was duly elected mayor of the city of Toledo, and it was ordered and adjudged by the court that the notice of appeal be dismissed and that the contestor pay the costs of the proceeding.
A petition in error was filed in this court to reverse that judgment, and Charles M. Milroy, by his counsel, has filed a motion for an order dismissing the petition in error, for the reason that this court has no jurisdiction of the matters therein complained of. This case has been submitted to this court only upon said motion, and the sole question to be now adjudicated is whether this court does or does not have jurisdiction on a proceeding in error of this character.
Section 21, Article II of the Constitution of Ohio, empowers the general assembly to determine before what authority, and in what manner, the trial of contested elections shall be conducted. This provision of the constitution empowers the general assembly to confer jurisdiction upon any of the courts of this state to hear and determine *64 election contests; and it is held in Thompson v. Redington et al., 92 Ohio St., 101, 107, that authority conferred by virtue of this provision is not judicial power but political power. See also Link v. Karb, Mayor, 89 Ohio St., 326.
Pursuant to the authority thus conferred by the constitution, the general assembly has enacted, in Section 5169, General Code, that in cities the election of a mayor may be contested in the manner provided for a contest of the election of county officers. Other sections of the General Code provide the manner of such contest, it being enacted in Section 5148, General Code, that it is to be by appeal to the court of common pleas; and by Section 5151, General Code, that the contest shall be heard and determined by the court, if then in session, and, if not then in session, at the first term thereafter. Section 5.152, General Code, provides for the method of conducting the trial; and the section following provides that any matter involved in the proceeding may be determined by the court on motion, otherwise the case shall be heard in its regular order upon the docket. This section concludes with a provision that the court shall render judgment against the party failing in the action, for all costs of the contest.
Counsel for the contestees claim that the judges of the court of common pleas, in sitting as a court to determine the contest, were not exercising judicial power, but were only in the exercise of political power, and that, therefore, any judgment which may have been rendered can not be reviewed on error by this court. The right of review on error is, of course, a matter which must depend *65 on statute, and unless conferred by statute such right does not exist.
It is provided in Section 6, Article IV of the Constitution, that courts of appeals shall have jurisdiction to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record, as may be provided by law. Following this constitutional provision, the General Code, Section 12247, as amended 103 Ohio Laws, 431, provides, in substance, thát a judgment rendered or final order made by a court of common pleas or by a judge thereof, may 'be reversed, vacated, or modified, by the court of appeals. Our supreme court in a number of cases has sustained proceedings in error brought to reverse judgments rendered by courts of common pleas in election contests. These decisions have apparently been rendered without giving particular consideration to the question whether the lower court was in the exercise of judicial power or political power, the court reaching the conclusion, under the section' to which reference has just been made, that the right of the upper court to review such judgments was thereby conferred. Numerous cases of this character are cited by counsel, but we need call attention to only one or two. See Lehman v. McBride, 15 Ohio St., 573, and Powers v. Reed et al., 19 Ohio St., 189. The supreme court in rendering these and like judgments was evidently not much concerned with the question as to whether the power that was being exercised was political power or judicial power, but assumed that in either event the right to prosecute error existed by virtue of the statutes *66 applicable to actions generally. True, the contest of an election is not a civil action, but a special proceeding; but the statute for prosecuting error applies as well to final orders and judgments entered in special proceedings as to those entered in civil actions. The question was before the supreme court of Indiana and that court held that the right of proceeding in the upper court to set aside a judgment rendered in an election contest existed by virtue of the general statutes. See Weakley v. Wolf, 148 Ind., 208, 213.
The method of procedure as set out in the sections of the General Code to which attention has been called, Sections 5148 to 5153, clearly indicates that the court is required to proceed substantially in the manner in which courts usually proceed in the trial of ordinary litigation — except that the issues are not made up by pleadings — and that after the trial shall have been concluded the court shall render a judgment based on the evidence and the law. These provisions indicate that the court is invested with all the indicia of judicial action. We call attention to 3 Corpus Juris, 373, where the learned authors of the article on Appeal and Error state, in well-chosen language and in very guarded' terms, the rule applicable to the exercise of such authority. It is as follows:
“It may be stated as a general rule that, where any power is conferred upon a court, to be exercised by it as a court, in the manner and with the formalities of a court, and in its ordinary proceedings, the action of such court is to be deemed judicial, irrespective of the original nature of the *67 power, and the determination of the court thereon may be, therefore, appealable.”
It was held in Moore v. Sharp, 98 Tenn., 65, that a court in determining an election contest, involving the office of sheriff, does not sit as a special tribunal but as a court in the exercise of its judicial functions.
In a republican form of government the right of franchise is one of the most valuable rights, and in order that it may be preserved and protected, the right is provided to contest the election of any candidate for office. If the judgments of courts, rendered in determining mere property rights, are subject to review by proceedings in error, much more so should be the judgments of tribunals determining the right to an office filled by election. We can not believe that either the people, in adopting the constitution, or the general assembly, in providing for the contest of election for such an important office as that of mayor of a city, intended to make the judgment entered in the court of common pleas absolutely final; but are clearly of the opinion that such judgment is one which, within the language of Section 12247, General Code, as amended 103 Ohio Laws, 431, may be reviewed on error in the court of appeals.
The motion to dismiss the petition in error will, therefore, be overruled.

Molion overruled.

Chittenden and Kinkade, JJ., concur.