STATE *ex rel.* McMURRAY *et al. v.* JOHN ARNWINE *et al.*

(*Knoxville.* September Term, 1917.)

**AFFIDAVITS.** Authority to take. Clerk of court. Verification of petition.

Shannon's Code, section 5331 (Code 1858, section 3567), declares that the circuit judges shall have power to issue writs of *mandamus* upon petitions supported by affidavit made before any judge, justice of the peace, or clerk of any circuit court. Section 5865 (Code 1858, section 4050) confers on all clerks of courts power to administer oaths, but limits that power to cases in which the authority to administer such oath is not confined to some other officer. Acts 1877, chapter 97, gave chancery courts jurisdiction in *mandamus* concurrent with circuit courts. *Held*, that as an application for *mandamus* to a chancery court must be by bill or petition, and so falls within section 6140, declaring that bills required to be under oath may be sworn to before any judge, clerk of court, or justice of the peace, the clerk of the chancery court may, despite the restrictions of section 5865, administer an oath to one verifying a bill for *mandamus*.

Acts cited and construed:   Acts 1877, ch. 97.

Case cited and approved:   Hawkins v. Kercheval, 78 Tenn., 535. Codes cited and construed:   Sec. 5331 (S.);   Secs. 3567, 4050 (1858);   Secs. 5865, 6122, 6140 (S.).

---

FROM McMINN.

---

Appeal from the Chancery Court of McMinn County to the Court of Civil Appeals, and by *certiorari* to

the Court of Civil Appeals from the Supreme Court. —Foss H. Mercer, Chancellor.

D. S. Stuart, for appellants.

Jones & Davis, E. B. Madison and H. M. Candler, for appellees.

Mr. Chief Justice Neil delivered the opinion of the Court.

This was a bill for *mandamus* filed in the chancery court of McMinn county. It was dismissed in that court on motion because it was not sworn to before the clerk of the circuit court. It had been sworn to before the clerk of the chancery court, the court in which the pleading was filed. The court of civil appeals affirmed the action of the chancellor.

The objection made in the chancery court, on first blush, seems whimsical, but it is not without plausibility. The argument in its favor runs thus:

That under section 5331 of Shannon's Code (Code 1858, section 3567), "the circuit judges of this State have power to issue writs of *mandamus,* upon petition, supported by affidavit made before any judge, justice of the peace, or clerk of any circuit court;" that it is true section 5865 of Shannon's Code (Code 1858, section 4050) confers power on all clerks of courts, to administer oaths, yet that power, by its express terms, is limited to "cases in which the authority to administer such oath is not confined to some other officer," and if so con-

fined the clerk has no power in the given case; that section 5331, *supra,* confines the power to administer the oath in *mandamus* cases to clerks of the circuit court, and therefore necessarily exclude clerks of the chancery court; that while it is true chapter 97 of the Acts of 1877, as construed in *Hawkins* v. *Kercheval,* 10 Lea, 535, 542, gave to the chancery courts of the State jurisdiction in *mandamus* cases concurrent with the circuit courts, that statute contained no provision concerning the oath to the initial pleading, and that matter would have to remain as laid down in section 5331; that while it might seem an incongruous, or awkward thing to deny to the clerk of a court the right to take an affidavit to a pleading in his own court, and to confer the power upon the clerk of another court, yet it was by no means an impossibility, and the legislature had the power to so settle the practice if it chose to do so.

The answer is that section 5331 refers only to actions for *mandamus* brought in the circuit courts, and of course is exclusive as to such actions. The legislature did not have in mind the practice to be observed on instituting such suits in the chancery court because at that time the chancery court had no jurisdiction of such matters. Subsequently, when the jurisdiction was conferred by the act of 1877, before referred to, the power had to be exercised under the forms customary in the chancery court, that is by the use of pleadings appertaining to that tribunal. The application for a *mandamus* would be made by bill or petition (Shan. Code, section 6122), and so fall within Shan. Code, sec-

tion 6140. This section prescribes the method of swearing to such bills in chancery as are required to be sworn to, and reads as follows:

"Bills required to be under oath, may be sworn to in the State before any judge, clerk of a court, justice of the peace, or notary public, whose attestation shall be deemed evidence of the fact."

By this section power to take the affidavit is given to any judge or any clerk of a court, any justice of the peace, or any notary public, within the State. This, of course, would include the clerk of the chancery court in which the bill was filed. Hence it seems to us to be without doubt that the clerk of the chancery court has the power to take an affidavit to any bill filed in his court which the law requires to be sworn to. It is unimportant whether the jurisdiction in the chancery court to receive the bill be inherent, or has been conferred by remote or by recent legislation. No matter whence the source of the jurisdiction derived, the action (save in certain proceedings orginated by motion), must be instituted in chancery by bill or petition, and, when so presented, is governed by all the rules that appertain to such pleadings in the chancery court.

On the grounds stated, we are of the opinion that the learned court of civil appeals erred in sustaining the decree of the chancellor dismissing the bill. The result is, the decree of that court must be reversed, likewise the decree of the chancellor, and the cause remanded to the chancery court of McMinn County for further proceedings. The defendants will pay the costs of the appeal.