HARRIS ET AL. *v.* FIRST SPIRITUALIST CHURCH OF TOLEDO ET AL.

*Error proceedings—Service of summons—Incorrectness and inaccuracy of return—Clear and convincing evidence necessary to prove same—Proceeding to sell real estate of charitable or religious society—Final order.*

1. The burden is on one challenging the legality of service of summons in error to show, by clear and convincing evidence, the incorrectness and inaccuracy of the return.
2. Evidence *held* not sufficiently clear and convincing as to show that summons in error was made after return day thereof, where return showed timely service.
3. In a proceeding to sell real estate of a charitable or religious society or association under Sections 10051 and 10056, General Code, the final order made in the trial court is a final judgment from which error may be prosecuted.

(Decided March 1, 1926.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Mulholland & Hartmann,* for plaintiffs in error.

*Messrs. Johnson, Johnson & Farber,* for defendants in error.

WILLIAMS, J.   The defendant in error the First Spiritualist Church has filed in this proceeding a motion to strike from the files the bill of exceptions, to dismiss the petition in error, and to set aside the service of summons in error, and the return thereof, on the ground that this court has no jurisdiction of the person of the defendant in error or of the subject-matter of the action.

Were the service of summons in error and the return thereof according to law? It appears from the summons in error that it was issued December 12, 1925, and was returnable December 21, 1925, and the return thereon shows that the writ was received December 13, 1925, and served personally December 21, 1925, on Arnold Peper (Peeper), as president of the First Spiritualist Church. To sustain the motion, the affidavit of Arnold Peper has been filed and submitted. This affidavit sets out that service of summons was not made until December 22, 1925. The claim is made that, inasmuch as the summons in error was returnable December 21, 1925, the service was made too late and is therefore defective. An examination of the file mark of the clerk of this court on the back of the summons in error shows that it was filed in the office of the clerk December 21, 1925. An examination of the appearance docket of this court shows that the summons in error was returned and filed and the return thereof recorded December 21, 1925. There is no affidavit on file which specifically and in terms contradicts the record of this court as found in the appearance docket. To find that service was not made until after the return was made and filed would require us to find that the deputy sheriff made an intentionally false return. The affidavit of Arnold Peper recites no facts by which he has fixed in his memory the date the copy of the summons in error was left with him, and the affidavit was not made until long after the statutory period of 70 days, within which a petition in error must be filed, had elapsed. Which horn of the dilemma shall we take? Was Arnold Peper mistaken as to

the date of service, or did the deputy sheriff make an intentionally false return? Both parties refrain from calling any official who knew the facts. The burden is upon the one who challenges the legality of the service of summons to show by clear and convincing evidence the incorrectness and inaccuracy of the return. Under the circumstances, we feel that the contention made by counsel in behalf of the defendant in error the First Spiritualist Church has not been made out by the degree of proof required.

Has this court jurisdiction of the subject-matter? The original proceeding was brought in the court below for the purpose of obtaining an order to sell real estate under Sections 10051 and 10056, General Code, which provide for the selling or incumbering of the real estate of a charitable or religious society or association. Upon authority of *McGuire* v. *Milroy,* 7 Ohio App., 62, we hold that the final order made in the court below was a final judgment, for the reversal of which error may legally be prosecuted in this court.

For the reasons indicated, the motion will be overruled.

*Motion overruled.*

RICHARDS and YOUNG, JJ., concur.