WOLFENBARGER *et al. v.* ELECTION COMMISSION *et al.*

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

JUDD ACUFF and ATCHLEY & SIMPSON, for J. F. Wolfenbarger *et al.*

JAS. G. JOHNSON and JOEL H. ANDERSON, for Election Commission *et al.*

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

 Petitions attacked as void the election to the Knox county board of education of four of the defendants herein on the ground that neither of them had qualified in accordance with the requirements of Private Acts (chapters 547 and 233, respectively) of 1923 and 1925.

The trial judge sustained a demurrer challenging the jurisdiction of the circuit court to try this election contest over the election of members of the county school board, and from his judgment of dismissal on this ground this appeal is taken.

We find no error. No specific provision conferring jurisdiction to try cases of contested elections of members of county boards of education is made by statute. By Code, section 2112, jurisdiction as to certain offices is fixed in the county court; and by section 2113 jurisdiction as to certain other offices is fixed in the circuit court.

In *State* v. *Burchfield,* 12 Lea, 30, it was held that the circuit court had no jurisdiction to try contested election cases of school directors, but that, in the absence of any specific statutory provision, the court, having power to induct an officer into office, has jurisdiction to determine the validity of his election. And see *Blackburn* v. *Vick,* 2 Heisk., 378; and *Leonard* v. *Haynes,* 14 Lea, 448. There is analogy between school directors and members of a county board of education.

 The rule that jurisdiction of an election contest follows the power to induct the officer was applied in *Blackburn* v. *Vick, supra,* to the case of a revenue collector. Inductions into such minor offices are wholly informal. All that seems to be required in case of a member of the county board of education is that he shall give bond, and the Act of 1923, *supra,* expressly provides that this bond shall be approved by the county judge, who passes

on its solvency and the sufficiency of its provisions. The presentation and acceptance of this bond are the "induction" requirements made by the statute. This would seem, under the authorities above cited, to place the jurisdiction over contested elections to this county office in the county court.

There can be little doubt that we have here an election contest. It is an action which seeks to go behind the certificate of the returning officials (*State* v. *Gossett,* 77 Tenn. [9 Lea], 644), to-wit, the county election commission, whose members are made defendants, and the allegation is made that, as to the defendant candidates, no legal election has been had, that the election as to them was void. *Adcock* v. *Houk,* 122 Tenn., 269, 122 S. W., 979.

Affirmed.