## DAVIS *v.* WATTS.

(Decided March 26, 1935.)

*Mr. John W. Druggan* and *Mr. Edwin D. Ricketts,* for plaintiff in error.
*Messrs. Graham & Graham,* for defendant in error.

McCURDY, J.   This case, an election contest involving the office of Clerk of Courts of Perry county, was heard and determined by the Common Pleas Court of Perry county, and was submitted to this court on an error proceeding.  After submission a motion was filed by the defendant in error, Ned Watts, attacking the jurisdiction of this court.

It has been argued here that the reason prescribed in the motion, to wit, that more than twenty days have elapsed and the court can not now hear this case, raises solely a proposition of procedure and does not go to the subject-matter, and therefore can not be considered after the submission of the case.   It is the opinion of the court that the motion as made does go to the subject-matter and that the reason given is merely an argument in support thereof.

We must look to the Constitution of Ohio and the General Code of Ohio in order to determine whether or not this court has jurisdiction to review this case.

Section 21 of Article II of the Constitution of Ohio provides: "The General Assembly shall determine by law, before what authority, and in what manner, the trial of contested elections shall be conducted."

Under this provision the Supreme Court of this state has held in paragraph 4 of the syllabus in *Link* v. *Karb, Mayor,* 89 Ohio St., 326, 104 N. E., 632:

"Elections belong to the political branch of the government.. The authority conferred by the general assembly of Ohio in pursuance to Section 21 of Article II of the Constitution to try contested elections is not judicial power within the meaning of Section 1 of Article IV of the Constitution which requires the judicial power of the state to be vested in the courts."

And later, in the case of *State, ex rel. Felder,* v. *McVay,* 115 Ohio St., 588, 154 N. E., 810, it was held: "It has been many times decided by this court that where no right of appeal or error in a contested election case is provided for in the statutes covering the subject, none exists, * * *."

Under this provision of the Constitution the selection of the authority for the trial of contested elections rests in the discretion of the General Assembly, including the review of such trial. No court, therefore, has jurisdiction to conduct election contest proceedings or the review thereof in the absence of statutory authority therefor.

The only statutory authority governing the review of this case is set forth in Section 4785-172, General Code of Ohio, which provides in part: "The person against whom the judgment is rendered may prosecute error by petition in error, within twenty days, to the supreme court of Ohio; * * *."

In the light of the decisions here set forth the only construction that can be placed on the use of the word "may" in this section is that it applies to the unsuccessful party to the contest in its permissive sense.

The right of review is granted provided the unsuccessful party cares to avail himself of it.

We are not unmindful of the decision in this district in the case of *Mills* v. *Creager* (unreported), wherein the case of *McGuire* v. *Milroy*, 7 Ohio App., 62, 28 C. C. (N. S.), 201, was followed. These decisions, providing for a right of review, were made prior to the enactment of the now existing election laws. The election laws now in effect provide a right of review in. clear and express terms which can not be changed or enlarged upon by the courts.

In this case the plaintiff in error failed to avail himself of his right to have his case reviewed according to the provisions of Section 4785-172, of the General Code of Ohio. The Court of Appeals is without statutory authority to review this case and in the absence of such authority has no jurisdiction.

Accordingly the motion of the defendant in error will be sustained and the proceeding in error dismissed.

*Proceeding in error dismissed.*

MIDDLETON, P. J., and BLOSSER, J., concur.

MIDDLETON, P. J., BLOSSER and McCURDY, JJ., of the Fourth Appellate District, sitting by designation in the Fifth Appellate District.