JOHNSON *v.* WHITE.

(*Jackson*, April Term, 1937.)

Opinion filed June 10, 1937.

R. R. HAGGARD, of Waynesboro, P. M. HARBERT, of Savannah, J. A. SHELTON, of Adamsville, and JOE C. DAVIS, of Lexington, for plaintiff in error.

JERE I. GALBRAITH, of Henderson, and Ross & Ross, of Savannah, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is an election contest over the office of superintendent of public instruction in Hardin county. Chapter 635 of the Private Acts of 1911 provides for the election of such officer every four years by popular vote of the electorate. Johnson was elected to that office in 1932, and was a candidate to succeed himself in the August, 1936, election, being opposed by the defendant, White. Johnson claims that he received 1,901 legal votes and White 1,806 votes in said election; that the election commissioners, after manipulating the returns, wrongfully excluded the ballots cast in 6 voting precincts in the county so as to make it appear that White was elected by a majority of 17 votes, and thereupon issued to defendant a certificate of election. The petition also charges that White was not legally qualified for said office, and insists that if, for any reason, the commissioners were justified in excluding in their tabulation the votes cast in said 6 precincts, that said election was void, and petitioner is entitled to retain the office as a holdover.

The defendant filed a plea in abatement to the jurisdiction of the circuit court which was sustained and the suit dismissed, and an appeal was prayed and granted to this court.

 ██ We have no statute expressly designating a forum for the determination of such a contest. The superintendent is not required to execute a bond, and the Legislature has made no provision for his induction into office so as to give effect to the rule which provides that the court having power to induct an officer into office has jurisdiction to determine the validity of his election. *Wolfenbarger* v. *Election Comm.*, 166 Tenn., 548, 64 S. W. (2d), 12. There is no specific requirement that the superintendent shall subscribe to an oath of office, although it is his duty to take the oath prescribed by the Constitution and file same with the county court clerk, which act does not, however, confer upon the county court the power to induct him into office. *Leonard* v. *Haynes*, 14 Lea (82 Tenn.), 447.

 A very familiar maxim is one which provides that for every right there is a remedy. An office is an incorporeal right, and consists in the right to execute a public trust and to take the emoluments belonging to it. The right to hold an office, receive and enjoy its emoluments, and exercise its functions, is an incorpeal right which may be enforced by a civil proceeding. *Malone* v. *Williams*, 118 Tenn., 390, 103 S. W., 798, 121 Am. St. Rep., 1002; *Staples* v. *Brown*, 113 Tenn., 639, 85 S. W., 254; *Maloney* v. *Collier*, 112 Tenn., 78, 83 S. W., 667; *Moore* v. *Sharp*, 98 Tenn., 65, 38 S. W., 411; *Boring* v. *Griffith*, 1 Heisk. (48 Tenn.), 456; *Dodd* v. *Weaver*, 2 Sneed (34 Tenn.), 670.

Section 10318 of the Code is as follows:

"The circuit court is a court of general jurisdiction, and the judge thereof shall administer right and justice according to law, in all cases where the jurisdiction is not conferred upon another tribunal."

As previously stated, jurisdiction in such a contest is not conferred upon any other tribunal, and hence it lies in the circuit court. *Taylor* v. *Carr*, 125 Tenn., 235, 141 S. W., 745, Ann. Cas., 1913C, 155; *Adcock* v. *Houk*, 122 Tenn., 269, 122 S. W., 979; *Baker* v. *Mitchell*, 105 Tenn., 610, 59 S. W., 137.

Counsel concede that if there was a statute expressly authorizing a contest over this office, without designating a tribunal for hearing the contest, that the above-quoted statute would be applicable; but that in the absence of such a statute there is no law authorizing such a contest, and hence the circuit court is without jurisdiction. No authority is cited in support of this proposition, and we consider it unsound. As pointed out above, plaintiff has a right which the courts will protect, and the foregoing statute, which is broad and comprehensive, provides the remedy, since it is not conferred upon any other tribunal.

Counsel further contend that the statements in the cases which we have cited as to the jurisdiction of the circuit court in election contests, where no other tribunal is designated, are *obiter dicta*. To this we cannot agree. It was not improper for the court to adjudicate the proper forum for such proceedings since the direct question involved was that of jurisdiction. In any event, we consider those decisions sound and approve them as authority in this case.

Counsel further contend that plaintiff's remedy is *mandamus*. A *mandamus* suit may incidentally involve the determination of an election contest. *State ex rel.* v. *Grindstaff*, 144 Tenn., 554, 234 S. W., 510; *Lawrence* v. *Ingersoll*, 88 Tenn., 52, 12 S. W., 422, 6 L. R. A., 308, 17 Am. St. Rep., 870. In this case the election contest is not incidental but primary. In fact it is the only matter involved. We do not adjudicate the question as to whether, under the facts of this case, petitioner could obtain the relief sought in a *mandamus* proceeding, but are content to hold that the circuit court has jurisdiction to determine this contest.

Plaintiff, being in doubt as to which court had jurisdiction in a proceeding of this character, also instituted a similar suit against the defendant in the county court of Hardin county. The judge of the county court, under section 9909 of the Code, certified his incompetency to the circuit court, where that case was heard and the suit dismissed upon a plea in abatement to the jurisdiction, and that case was likewise appealed to this court. When the two cases were reached in this court counsel for defendant made a motion that plaintiff elect which of the two suits he would proceed with, and the motion was taken under advisement.

In *Phillips et al.* v. *Rooker et al.*, 134 Tenn., 457, 462, 184 S. W., 12, 13, it is said: " 'Election of remedies' may be defined to be the adoption, by an unequivocal act, of one of two existing alternative remedial rights, inconsistent and not reconcilable with each other, the effect of which is to preclude a resort by the plaintiff or creditor to the other."

The plaintiff is asserting only one right, and hence the strict doctrine of election of remedies has no ap-

plication. In enforcement of this right plaintiff has instituted two suits for the same cause of action, but can obtain relief in only one, or the circuit court, since the county court is without jurisdiction, as we have held in the other case. A judgment rendered in the county court would be a nullity. *Hall* v. *Southhall Bros. & Carl*, 146 Tenn., 129, 240 S. W., 298. This is not a case where the same cause of action has been instituted in two courts, each of which has jurisdiction of the subject matter as well as of the parties.

For the reasons stated herein, the judgment of the circuit court will be reversed, and the case remanded for a trial upon the merits.

The costs of the appeal will be taxed against the defendant. Other costs will be adjudged by the trial court upon the final hearing of the case.