# DARTY v. DARTY.—232 S. W. (2d) 59.

April 28, 1949.

Petition for Certiorari denied by Supreme Court, October 7, 1949.

J. Frank Warmath and James R. Cunningham, both of Humboldt, for plaintiff in error.

Currie Drake and John F. Kizer, both of Milan, for defendant in error.

SWEPSTON, J. Mrs. Darty obtained an absolute divorce by decree entered April 12, 1946, based upon personal service on her husband, plaintiff-in-error, who filed an answer, both parties being at the time residents of Ten-

nessee. Although the bill prayed, among other things, for alimony and child support, no award of either was made. She was granted custody of the two minor children. The cause was "retained in Court for such other and further orders as may from time to time be necessary and expedient."

Subsequently the husband moved to Arkansas.

On August 19, 1948, the husband was served with notice in Arkansas by the Sheriff of Crittenden County, Arkansas, that on September 10, 1948 Mrs. Darty would move for an award of support for the children as a modification of the prior decree. A copy of such notice was also served on the former husband's attorney of record in the original cause, by her attorney.

On September 10, she filed a petition pursuant to said notice in which she recited the foregoing proceedings and averred that he did not appear to defend the divorce suit, that she did not insist at that hearing on alimony and child support because he was not gainfully employed nor able to provide support for herself and children, but that he is now working and able to provide support for the children, which she now moves the Court to award her.

On the same day he appeared specially by his attorney of record and plead in abatement to the jurisdiction of his person, he being a nonresident. It is assumed by the parties to this record that he had become a nonresident and so we treat it.

The Court disallowed the plea, heard proof and awarded petitioner $40.00 a month for child support. No alimony award was made, nor is here involved.

To all of the foregoing the plaintiff-in-error excepted and prayed an appeal which was granted and said ap-

peal was perfected. No motion for a new trial was filed. The record contains his bill of exceptions duly authenticated, made a part of the record and seasonably filed.

The assignments of error are:

## "I.

"The Court committed error in overruling the defendant's plea in abatement to the Court's personal jurisdiction of the defendant. This was error for the reason that the defendant in this proceedings is not before the Court by service of process.

## "II.

"The Court committed error in granting an award without a showing by the petitioner that there had been a change in circumstances of the parties to warrant a modification of the decree. This was error for the reason that there is no proof in the entire record to show that the position of the parties has materially altered sufficient to warrant the modification of the divorce decree.

## "III.

"The Court committed error in awarding a judgment in the amount of $40.00 per month where there was no proof in the record to show what amount of money the defendant is actually making. This was error for the reason that there was no basis upon which the trial court could exercise its sound discretion in making an award."

With regard to the first assignment, as we understand the brief of the plaintiff-in-error, his contention is that since the original bill contained no averment that the wife was entitled to support for any purpose and since the original decree was silent as to support for the children, the effort by a petition filed over two years subsequently to obtain an award of same is not a modi-

fication of the original decree because there was nothing to be modified, but is the introduction of new matter requiring the service of regular process personally on the respondent within the geographical jurisdiction of the Court, which was not done and could not be done because he was in Arkansas; that the phraseology in the decree retaining the cause in court is in substance the same as that of Code Sections 8446 and 8454; that since the original bill, as contended by him, contained no averment that she was entitled to child support, there was no basis for evidence on the question nor for such award in the original decree, so that even had that decree contained such an award it would have been coram non-judice; hence in either event the subsequent petition presented new matter which required new process and personal service within the forum.

The answer of defendant in error to those contentions is that the subsequent motion or petition is a continuation of the original litigation, that the respondent having been properly within the jurisdiction of the court ab initio is still subject to its action because the cause was retained in court expressly and by statute, supra, so that he may be proceeded against upon reasonable notice wherever he may be or become domiciled.

We think plaintiff in error is incorrect in assuming that the original bill contains no averment that she was entitled to support for any purpose.

The bill in addition to the prayer avers that they were living with her parents at the time of the separation in Gibson County; that after the separation she and the children moved with her parents to Carroll County because she had no money nor other place to live. Hence, there was an averment to support an award

of support if and when it could otherwise be properly made.

■ If, however, for the sake of discussion we concede that the original bill did not ask for child support, we think the situation here would not be different. It was asked for in the petition filed subsequently as was done in the case of Davenport v. Davenport, 178 Tenn. 517, 160 S. W. (2d) 406.

There the original bill apparently did not ask for child support, because in the petition subsequently filed the former wife alleged that she neither *sought nor obtained* an order for child support because her husband was not gainfully employed at the time. In fact there was no award made and no retention of the cause in court for change or modification. Yet, the court held that if for any reason or no reason at all no such order was made a part of the divorce decree, the failure to do so did not deprive the court of the authority to make such an award *in the future;* that since the enactment of Code Sections 8446 and 8454 every such cause is retained in court without express language because the statute becomes a part of such decree just as if copied therein.

■ We may concede also for the sake of discussion that, if neither the original bill nor any subsequent pleading contained allegations or prayer as to child support, there would have been no predicate for evidence on the point and a decree awarding it would have been coram non judice and void, under the well-known rules and rationale of equity pleading that the decree is circumscribed by the evidence, which is circumscribed by the pleadings. Gibson, Sections 140 et seq., 406, note 1; 648, note 14.

■ But such is not the situation in the instant case. It was asked for in the original bill and in the petition. In any event it is really not necessary that the wife allege or show that she is *in need* of support for the children; the germane question is whether the father is able to contribute to their support. The duty now by statute rests upon both parents to contribute according to their relative means. Rose Funeral Home, Inc. v. Julian, 176 Tenn. 534, 144 S. W. (2d) 755, 131 A. L. R. 858.

Therefore, the allegation in the subsequent petition that he was able to contribute was alone a sufficient predicate for proof.

The next question is whether the court lost jurisdiction of the person of the husband when he became domiciled in Arkansas before the subsequent petition was filed so as to require service of process on him within the State of Tennessee rather than a personal notice served in Arkansas by a private person, who happened to be an Arkansas sheriff.

The plaintiff in error admits he received the notice.

■ The general rule as reflected in our cases is that ''a defendant is supposed to be in court, after the service of the writ, until the final judgment without entering his appearance.'' See Fowlkes v. Webber, 27 Tenn. 530.

There a default judgment was entered on a writ for $1,000.00 damages. At a subsequent term plaintiff on motion was allowed to amend so as to claim $2,000.00 without notice to defendant. Held, valid.

In Davis v. Mitchell, 27 Tenn. App. 182, 178 S. W. (2d) 889, where a decree of divorce was rendered before the return day of the process actually served on defendant. Held, valid, and because he did not take steps within the proper time to have the irregularity cor-

rected, it was waived. See also, Mitchell v. Porter, 26 Tenn. App. 498, 522, 173 S. W. (2d) 443; Brite v. Grubbs, 144 Tenn. 647, 234 S. W. 759.

It is axiomatic that a decree which has become final in the sense that it has disposed of every issue between the parties cannot be reopened after the lapse of 30 days or the ending of the term, whichever first occurs. Gibson, Section 576.

In cases of divorce where the *custody* and *support* of the children are decreed it is held that such decrees, even since the enactment of Code Sections 8446 and 8454, which are declaratory of pre-existing law, under the rule stated in the paragraph above become final in the sense that they are subject to execution, appealable and res adjudicata upon the facts then existing and are not merely interlocutory. Hicks v. Hicks, 26 Tenn. App. 641, 176 S. W. (2d) 371.

But is was held they are not final in the sense that they preclude a later decree in the same cause upon new or changed conditions requiring a change in the existing decree as to custody. The same rule would apply to maintenance.

In the Davenport case, supra, the court pointed out the recognition in Fuller v. Fuller, 157 Tenn. 697, 11 S. W. (2d) 896, 897, of this exception to the complete finality of such decrees where the decree (and now the statute) retains jurisdiction for future orders. In the Fuller case, the court said: "Moreover, divorce proceedings which involve matters of continuing, or installment, alimony and the custody of children, are distinguished from most other proceedings, in that the decree is of a twofold, or double-barreled nature, disposing first of the main contention, the granting or denial of the

divorce, as to which it becomes final upon its entry, and to which the general rule invoked by counsel for the defendant in this case has undoubted application; but providing next for the disposition of the questions of alimony and child custody . . .".

We take the foregoing expressions to be strongly indicative of the view that the defendant is not released from the personal jurisdiction of the court with respect to those reserved matters. If, therefore, the parties are not fully released from the personal jurisdiction of the court, they would not under the strict rule of procedure in a pending cause be entitled to notice, yet courts are generally solicitors of fairness and require notice where its absence might work an injustice to a litigant.

Somewhat of an analogy to the present situation exists in the Declaratory Judgment Statute, Code Section 8842 provides for further relief after entry of the declaratory judgment by petition upon reasonable notice to the adverse party.

The divorce statute does not in terms require notice of a subsequent petition, but it is to be assumed that any court would require it if deemed appropriate to the ends of fairness.

■ Turning to other states, the question has been passed on a number of times.

In 27 C. J. S., Divorce, Section 322(c), p. 1246, it is said: "The jurisdiction of the court to modify the order is not lost by the mere removal of the parties from the state, or the taking of the child out of the state. Notice of the motion or application or of the time for hearing is usually required."

Among the cases cited in the notes, Hatch v. Hatch, 192 A. 241, 15 N. J. Misc. 461, and Cowles v. Cowles, 80

N. H. 530, 120 A. 76, are directly in point and each holds that a change of domicile and absence from the forum does not affect the court's jurisdiction, which is regarded as continuing once it has been acquired in the original action and personal notice served outside the state was sufficient.

The question is annotated in 70 A. L. R. 526, wherein it is said that the great weight of decisions is in favor of the continuation of the necessary jurisdiction, the same having been acquired originally at the inception of the suit.

The question of the sufficiency of the notice is annotated in L. R. A. 1915 B, 674.

We are of opinion, therefore, that the court had not lost personal jurisdiction in this cause and that since the respondent had actual notice he has had his opportunity to be heard, irrespective of where and by whom the notice was served. The notice was a private paper and could be served by a private person. Cheatam v. Howell, 14 Tenn. 311.

Assignment I is accordingly overruled.

The other two assignments of error would require a review of the evidence. This we are not permitted to do, because there was no motion for a new trial in the court below. Brockman v. Rodgers, 16 Tenn. App. 542, 65 S. W. (2d) 245.

The petition for modification of the original decree and the decree on same which are a part of the technical record show that there was a change of circumstances to warrant a modification of the original decree, in that it was alleged that the defendant was not employed and not able to provide child support when the original

hearing was had but that he is now employed and able to provide child support.

The decree on the petition recites that he is now able to do so. Being unable to do so. Being unable to review the evidence we must presume that the evidence justified the decree.

Hence, both assignments are overruled.

The decree is affirmed with costs and will be remanded for enforcement to the trial court.

Anderson, P. J., and Baptist, J., concur.