**Mary Jeanne Wallace SOWELL, Appellant,**

v.

**William Talley SOWELL, Appellee.**

Supreme Court of Tennessee.

April 2, 1973.

Andrew F. Bennett, Jr., Ayres, Parkey, Skaggs & Ware, Knoxville, for appellant.

Robert H. Watson, Jr., Knoxville, for appellee.

OPINION

DYER, Chief Justice.

On April 23, 1963, appellant, having obtained personal service on appellee, both parties at that time being residents of Tennessee, was granted a divorce from appellee. The decree ordered appellee to pay appellant $285.00 per month for support of their minor child.

On September 5, 1972, appellant filed her petition now before the Court, alleging appellee had failed to make monthly payments of child support in accord with the decree of April 23, 1963, and was now in arrears in the sum of $14,971.00. The petition sought to have appellee be adjudged in contempt and a judgment against appel-

lee for the amount in arrears, plus a reasonable attorney's fee. The petition alleged appellee was a non-resident of Tennessee, being a resident of Georgia, and appellee was served with notice pursuant to T.C.A. § 20–235.

Appellee appearing specially by his attorney filed a motion to dismiss the petition on the ground the court lacked jurisdiction over the person of appellee. The chancellor sustained the motion, dismissing the petition.

The one assignment of error is as follows:

The chancellor erred in dismissing appellant's petition for lack of jurisdiction. This was error because the court's jurisdiction to enforce the divorce decree continued and notice to appellee through the Secretary of State of the hearing was sufficient to permit the court to enter orders and judgments to that effect.

The first issue here is whether this petition is to be treated as a petition to enforce the decree of April 23, 1963, or is it to be treated as a separate and distinct action.

 The issue here is child support and under T.C.A. § 36–820, the court is empowered to award support for the minor child and the decree remains in the court's control. T.C.A. § 36–822 relates to the power of the court enforcing its decrees and awarding support for the wife and children. The statute says the court may enforce its decrees on these issues

. . . by such other lawful means as are usual and according to the course and practice of the court, as to the court shall seem meet and agreeable to equity and good conscience.

The court is empowered to enforce its decrees awarding child support by contempt proceedings; also T.C.A. § 36–822 empowers the court to take judgment against appellee for the arrears due for child support. We think this petition now before the Court is a petition to enforce the decree of the court dated April 23, 1963.

The next issue is whether appellee has received proper notice, and notice having been served on appellee, a non-resident by virtue of T.C.A. § 20–235 et seq., referred to as the long-arm statute.

The question of notice in a proceeding such as this arose in Darty v. Darty, 33 Tenn.App. 321, 232 S.W.2d 59 (1949).

In the *Darty* case the wife having obtained personal service upon her husband was awarded a divorce and custody of the children. Although the bill prayed for child support, no award of child support was made at that time. Subsequently the husband moved to Arkansas and the wife had the Sheriff of Crittendon County, Arkansas serve notice on him she would move the court for award of child support. To the petition filed by the wife, pursuant to notice given the husband, appearing specially by attorney, the husband filed a plea in abatement alleging in substance the court had no jurisdiction of the husband, he being a non-resident.

The Court in *Darty,* holding the notice given the husband was valid, noted the statutes, now T.C.A. § 36–820 and § 36–828, retained this cause on the docket as to child support. The Court then, after discussion of requirements of notice in these situations, said:

We take the foregoing expressions to be strongly indicative of the view that the defendant is not released from the personal jurisdiction of the court with respect to those reserved matters. If, therefore, the parties are not fully released from the personal jurisdiction of the court, they would not under the strict rule of procedure in a pending

cause be entitled to notice, yet courts are generally solicitors of fairness and require notice where its absence might work an injustice to a litigant.

Somewhat of an analogy to the present situation exists in the Declaratory Judgment Statute. Code Section 8842 provides for further relief after entry of the declaratory judgment by petition upon reasonable notice to the adverse party.

The divorce statute does not in terms require notice of a subsequent petition, but it is to be assumed that any court would require it if deemed appropriate to the ends of fairness. 33 Tenn.App. at 330, 232 S.W.2d at 63.

■ In the case at bar, as in *Darty*, appellee admits he has received notice. In *Darty* notice was served on the husband by private person who happened to be an Arkansas Sheriff. In the case at bar notice was given appellee by the use of the Office of the Secretary of State for the State of Tennessee, pursuant to T.C.A. § 20–235 et seq. By either type of notice the fairness requirement of the *Darty* case is complied with.

■ We realize T.C.A. § 20–235 refers to service of process in original actions, but we see no reason it cannot be used for something less, which is the notice required here. This statute does allow for service of process on "any basis not inconsistent with the Constitution of the State of Tennessee or of the United States."

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

CHATTIN, HUMPHREYS, and McCANLESS, JJ., and WILSON, Special Judge, concur.