Sharon Kay Brumback JARVIS,
Plaintiff-Appellee,

v.

Donald Edwin JARVIS,
Defendant-Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 12, 1983.

Permission to Appeal Denied by
Supreme Court Dec. 19, 1983.

Phillip C. Lawrence, of Bean, Poole, Lawrence & Thornbury, Chattanooga, for defendant-appellant.

Pamela P. Rymer, of Paty, Rymer & Ulin, Chattanooga, for plaintiff-appellee.

## OPINION

SANDERS, Judge.

The two issues on this appeal are (1) whether the circuit court has jurisdiction to modify a child support judgment of an abolished county court and (2) whether or not service of notice of an application to modify such decree on the attorney who represented the husband at the time of the original divorce constitutes sufficient notice.

The Appellee, Sharon Kay Jarvis, was awarded a divorce from the Appellant, Donald Edwin Jarvis, in the county court of Hamilton County in June, 1981. She was also awarded custody of their minor child and Donald was ordered to pay her $100 per week as child support. In April, 1982, Sharon filed a petition in the county court to modify the original judgment and increase the child support. The clerk issued a sum-

mons for Donald which carried the following notation: "Serve his attorney, Phillip C. Lawrence, Dome Building, Suite 406." Mr. Lawrence was the attorney of record for Donald in the original suit. On the printed form for the officer's return on the summons is a check mark in front of the portion of the return which reads: "Failed to serve this summons within 30 days after its issuance because:." Then the following is written in by the officer: "Attorney Phil Lawrence will not accept warrant." The return was dated April 27. On June 26 Sharon filed a motion for a default judgment, following which Donald made a special and limited appearance by filing a motion through Attorney Lawrence to dismiss the petition to modify the judgment on the grounds of (1) insufficiency of process, (2) insufficiency of service of process, and (3) lack of jurisdiction over the person of Donald Edwin Jarvis.

On October 5 the circuit judge of Division 1 of the circuit court of Hamilton County, sitting in lieu of the county judge, overruled Appellant's motion. At this point it should be pointed out that with the enactment of Article 7 of the Tennessee Constitution of 1978 the form of county government was changed and with the ending of the term of the county judge for Hamilton County on September 1, 1982, the county court ceased to exist. Under T.C.A. § 5-6-204 the county court of Hamilton County had concurrent jurisdiction in domestic relations matters with other judicial authorities of the county. T.C.A. § 5-6-204(b) provided that the clerk of the court of concurrent jurisdiction would serve as clerk of the county court judge in such matters. Consequently, when the county court ceased to exist the circuit court clerk for Hamilton County divided the pending cases which had been filed in the county court among the circuit court divisions of Hamilton County.

After Appellant's first motion was overruled he then filed a motion objecting to the subject matter jurisdiction of the circuit court. This motion was overruled and upon the trial of the case the circuit judge entered a judgment increasing the amount of

child support from $100 per week to $700 per month and ordered the Appellant to carry health insurance on the minor child. Mr. Jarvis has appealed, presenting two issues for review.

We shall first consider the insistence of the Appellant that the circuit court was without authority to modify the decree of the county court. In support of this insistence he relies upon T.C.A. § 36–828 which provides, as pertinent here, that so far as child support decrees are concerned "jurisdiction to modify or alter such decree shall remain in the exclusive control of the court which issued such decree." He argues that under the provisions of this statute there is no forum with the necessary jurisdiction to modify or alter the decree of the former county court.

■ We cannot agree. However, this is a case of first impression in this jurisdiction. Our courts have held numerous times that only the court that granted the original divorce has jurisdiction to entertain an action to modify or enforce the decree. *See Sutton v. Sutton,* 220 Tenn. 410, 417 S.W.2d 786 (1967); *Morrissey v. Morrissey,* 214 Tenn. 112, 377 S.W.2d 944 (1964); *Kizer v. Bellar,* 192 Tenn. 540, 241 S.W.2d 561 (1951); *Mayhew v. Mayhew,* 52 Tenn.App. 459, 376 S.W.2d 324 (1963); *Crane v. Crane,* 26 Tenn.App. 227, 170 S.W.2d 663 (1942). None of these cases, however, addressed the issue of jurisdiction after abolition of the court granting the original divorce. Under these circumstances, no court is expressly given jurisdiction to modify or enforce these orphaned decrees of the former court. Under T.C.A. § 16–10–101 (1980), however, the circuit court is declared to be "a court of general jurisdiction" and is given jurisdiction to "administer right and justice according to law, in all cases where jurisdiction is not conferred upon another tribunal." We think this statute applies in the present case and that the trial court properly denied Appellant's motion to dismiss. *See Johnson v. White,* 171 Tenn. 536, 106 S.W.2d 222 (1937). We believe that the residual jurisdiction given to the circuit court by § 16–10–101 was intended to cover just such a situation as that presented by this case and, therefore, we must refuse Appellant's invitation to cast the thousands of divorce decrees of the county court of Hamilton County into legal limbo. The overriding interest of all concerned is the welfare of minor children and the litigants' rights under Article 1, Sec. 17, of the Tennessee Constitution require that the courthouse door be left open to those seeking modification or enforcement of support or custody decrees.

■ The second issue raised on appeal is the sufficiency of service of process on Appellant's counsel in the original divorce proceeding. As noted above, the court granting a divorce has continuing jurisdiction to enforce or modify its support or custody decrees. T.C.A. § 36–828 (Cum. Supp.1982). The court is not divested of this continuing jurisdiction by the death of a party or his or her change of residence to another state. *Sutton v. Sutton,* 220 Tenn. 410, 417 S.W.2d 786 (1967); *Talley v. Talley,* 51 Tenn.App. 622, 371 S.W.2d 152 (1962), cert. denied 375 U.S. 915, 84 S.Ct. 216, 11 L.Ed.2d 154 (1963). Since jurisdiction is continuing, notice requirements upon commencement of an action to modify or enforce the decree are not so stringent as those for a new action. *Sowell v. Sowell,* 493 S.W.2d 86 (Tenn.1973); *Burden v. Burden,* 44 Tenn.App. 312, 313 S.W.2d 566 (1957); *Darty v. Darty,* 33 Tenn.App. 321, 232 S.W.2d 59 (1949). All that is required is that the adverse party be given "reasonable notice," *Darty v. Darty,* 33 Tenn.App. 321, 232 S.W.2d 59, 61; that is, "such as one desirous of actually informing the absent party might reasonably adopt." *Burden v. Burden,* 44 Tenn.App. 312, 313 S.W.2d 566, 570 (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865). The issue before us is whether this "fairness" test, *Sowell v. Sowell, supra,* has been met in this case.

■ The question of when notice to a litigant's or former litigant's attorney constitutes reasonable notice to the client himself turns upon the nature of their relationship at that time. *See* Annot., 62 A.L.R.2d

544, § 6[a] & [b] (1958). If the attorney still represents the client, then notice is sufficient. If, on the other hand, the attorney has had no contact with the client for an extended period of time and has no means of contacting him, notice is not sufficient. In the record before us there is no showing of what the relationship was between the Appellant and Attorney Lawrence at the time of the attempted service of notice. The Appellee, in her brief, argues a number of facts which she says we should consider. However, they are matters outside the record or relate to documents which are not shown to have been properly introduced into the record. We find this issue cannot be properly resolved on the record before us and remand the case under T.C.A. § 27–3–128 on this issue.

We believe the proper procedure to follow in a case such as this one is for the attorney who is unaware of his or her former client's whereabouts to file a Rule 12.-02, T.R.C.P., motion to dismiss for insufficient service of process, insufficient process, or lack of personal jurisdiction, as was done in this case. This motion should be accompanied by the attorney's affidavit stating that he no longer represents the client and that he has no knowledge of his present whereabouts, or such other facts as he feels make service of notice on him inappropriate. If the opposing party has conflicting information, a counter-affidavit may be filed. The court may hold a hearing on the matter if necessary to determine whether the client has received that reasonable notice to which he is entitled under our decisions. This will be the proper course for the trial court to follow on remand of this case. The issue will, of course, be decided in light of the relationship between Attorney Lawrence and Mr. Jarvis at the time of attempted service.

If, on remand, the court determines that at the time of the attempted service of notice the relationship between the Appellant and Attorney Lawrence was such as to make service on the attorney appropriate, the matter need not proceed further. If the circumstances are such as to make such notice inappropriate then the matter should be reheard after proper notice. Either party aggrieved by the court's holding has the right to appeal.

The judgment of the trial court is affirmed in holding the circuit court had jurisdiction of the subject matter. It is remanded on issue of notice to the Appellant. The cost of this appeal is taxed to the Appellant.

PARROTT, P.J., and GODDARD, J., concur.

### ADDENDUM

Since this is a case of first impression in this jurisdiction on the issue of service of notice on the attorney in an original divorce suit, we think it appropriate to set forth the advice to attorneys by the editor of 62 A.L.R.2d at page 557, where he said:

"[T]he lesson to be drawn from the cases discussed at this point is that it is advisable for an attorney representing a spouse in a matrimonial action to file, in accordance with local practice, and as soon as the action has resulted in a final judgment no longer subject to appeal, a statement with the court to the effect that his authority to represent the client has terminated. Otherwise the attorney as well as his client run the risk that many years afterward the attorney will be served with notice of a modification proceeding, at a time when his client is no longer a resident of the state and the client's address is unknown to the attorney."