IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 20, 2010 Session

**LARA L. BATTLESON v. DEAN L. BATTLESON**

**Appeal from the Chancery Court for Washington County**
**No. 8094     G. Richard Johnson, Chancellor**

**No. E2010-00049-COA-R3-CV - FILED JUNE 28, 2010**

Approximately 29 months after the parties' divorce became final, Lara L. Battleson ("Wife") filed a motion in the trial court asking that Dean L. Battleson ("Husband") be held in contempt because of his failure to pay child support. Wife served a copy of the motion and notice of hearing on Douglas R. Beier ("Counsel"), the attorney who had represented Husband in the divorce action. Counsel filed a motion to dismiss supported by an affidavit stating that he no longer represented Husband and that his mail to Husband had been returned undeliverable. The trial court found that service on Counsel was sufficient. As a consequence of this ruling, the court denied Counsel's motion to dismiss; it also granted the motion for contempt. Husband appeals. We vacate the trial court's judgment of contempt and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Douglas R. Beier, Morristown, Tennessee, for the appellant, Dean L. Battleson.

Thomas C. Jessee, Johnson City, Tennessee, for the appellee, Lara L. Battleson.

**OPINION**

I.

As stated above, Counsel represented Husband in this divorce action. The judgment became final on March 16, 2007, following an earlier appeal to this Court.[1] Apparently, while the case was on appeal, Husband, by Counsel, filed a motion to modify the court-approved parenting plan. After the case was remanded following the earlier appeal, the parties attempted unsuccessfully to mediate the parenting issue. The neutral filed his report with the chancery court on August 3, 2007, which states, in part, "[t]he parties and their respective attorneys appeared and . . . participated in all good faith . . . ." The neutral served a copy of the report on Counsel. On October 9, 2008, the court, sua sponte, dismissed Husband's pending motion to modify because of his failure to prosecute. Pursuant to Tenn. R. Civ. P. 58(3), the order of dismissal bore the certificate of the clerk and master that it was "served upon Thomas Jessee, attorney for Plaintiff, P.O. Box 997, Johnson City, TN 37605, and Douglas R. Beier, attorney for Defendant, P.O. Box 1754, Morristown, TN 37816-1754, and the parties at the addresses listed above."

Some ten months later, on or about August 11, 2009, Wife filed her motion asking that Husband be held in contempt for failure to pay child support and for failing to meet certain other monetary obligations imposed by the judgment of divorce. No summons was issued and the motion was not personally served on Husband. Instead, Wife mailed a copy to Counsel.

Counsel responded with a pleading entitled "Jarvis Notice/Motion to Dismiss." The full text of the motion is as follows:

> Douglas R. Beier, formerly counsel of record, files this Notice Pursuant to *Jarvis v. Jarvis* (664 S.W.2d 694) that he does not represent Dean L. Battleson and has not for several years. Accordingly, this Notice from Plaintiff is not Notice to Defendant. Counsel has advised Plaintiff's attorney of same (fax letter attached as Exhibit 1), but this matter remains on the docket.
>
> Plaintiff has not served process on Defendant and for this limited purpose only, counsel for Defendant appears to raise this Objection and Motion to Dismiss pursuant to TRCP 12.02.

---

[1] *See **Battleson v. Battleson**, 223 S.W.3d 278 (Tenn. Ct. App. 2006).

(Capitalization in original.) Counsel also filed his affidavit in support of the motion to dismiss. The affidavit states, in pertinent part, as follows:

> My representation of Dean Battleson terminated several years ago, shortly after the appeal to the Court of Appeals in 2006.
>
> I advised attorney Tom Jesse of same in a faxed letter (Exhibit 1).
>
> I no longer represent Dean Battleson; the information I sent him came back in the mail.
>
> I am not his agent for service of process.

We will not repeat the contents of the "faxed letter" since it adds nothing of substance to the affidavit.

A hearing on the motion for contempt was continued in light of the motion to dismiss. The motion for contempt was reset for a hearing to be held November 16, 2009. "Notice" to Husband of this setting was accomplished by notice served on (1) Counsel, (2) Husband at an address in North Carolina, and (3) attorney Monica Guy of North Carolina. Wife's counsel states in her brief that Monica Guy is Husband's lawyer in North Carolina and that Husband's North Carolina address is his new address, but there is nothing in the record to substantiate the source or accuracy of Husband's address or the existence or role of North Carolina counsel. Husband did not appear in person at the hearing below.

The trial court denied the motion to dismiss in an order that states, in pertinent part:

> The first issue before the Court was Mr. Beier's Jarvis Notice/Motion to Dismiss. The file reflects that the Notice of Hearing for the Plaintiff's Motion to hold the Defendant in contempt and to obtain judgment for delinquent child support was sent to Mr. Beier prior to his Jarvis Notice/ Motion to Dismiss. The file further reflects that Mr. Beier had not withdrawn as Mr. Battleson's attorney of record at the time the motion was filed. Mr. Beier's Jarvis Notice/Motion to Dismiss was not filed until after Ms. Battleson's Motion was filed. The Court finds that Mr. Beier is counsel for Mr. Battleson for purposes of this motion and that Defendant has been properly served with process.

In the same order, the court found that Husband was in "willful, intentional and purposeful contempt" and granted judgment against him in the amount of $9,481.15.

## II.

Husband, by Counsel, appeals the judgment of contempt, raising the following issues which we repeat verbatim from his brief:

> Whether the Trial Court erred in finding that [Husband] had been served with process by mailing a Motion to his prior attorney 10 months after the entry of an Order of Dismissal and in failing to grant [Husband's] Motion to Dismiss pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure.

> Whether the Trial Court erred in finding that [Counsel] continued as counsel of record and that [Wife] could continue this litigation by Motion filed 10 months after the entry of an Order of Dismissal.

## III.

A trial court's findings of fact are reviewed *de novo* with a presumption that they are correct unless the evidence preponderates against the findings. Tenn. R. App. P. 13(d); *Robertson v. Robertson*, 76 S.W.3d 337, 342 (Tenn. 2002). A trial court's conclusions of law are reviewed *de novo* with no accompanying presumption of correctness. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002).

## IV.

Early in his appellate brief, Husband boldly states "that the filing of this motion constitutes a new and original action which requires leading process with the issuance and service of a summons." However, he quickly retreats from this position in the next paragraph of his brief which states:

> Tennessee Code Annotated 36-5-101 provides that the Court granting a divorce has continuing jurisdiction to enforce or modify its support or custody decrees. Since that jurisdiction is continuing, notice requirements upon commencement of an action to modify or enforce the decree are not so stringent as those for a new action. *Sowell v. Sowell*, 493 S.W.2d 86 (Tenn.

-4-

1973). What is required is that the adverse party be given "reasonable notice," ***Darty v. Darty***, 232 S.W.2d 59 (Tenn. 1949), and the test of same is a "fairness test," whether the manner and means of notice "is appropriate to the ends of fairness." ***Sowell***, supra at p. 88.

Husband's position before the trial court was consistent with this quoted assertion. Husband's motion to dismiss was based on ***Jarvis v. Jarvis***, 664 S.W.2d 694 (Tenn. Ct. App. 1983), which, at page 696, contains language and case citations nearly identical to what we have quoted from Husband's brief. Accordingly, we do not view this case as presenting the broad issue of whether a petition for contempt, by whatever name, constitutes a new action that must be accompanied by the issuance and service of a summons. We do not decide this broad issue in this case simply because, in view of Counsel's position as recited above, we do not believe it is squarely presented on this appeal. A resolution of this question must await another day.

Instead, we focus on the second issue which we view as coming down to whether, under ***Jarvis***, the trial court erred in finding that, at the time of the filing of the motion for contempt, the relationship between Husband and Counsel was such that notice to Counsel could be imputed to Husband. ***Jarvis***, like the present case, involved post-judgment filings in a divorce case. In April 1982, the ***Jarvis*** wife filed a petition to modify a judgment entered in June 1981. ***Id***. at 695. Summons was issued with directions to serve it on the attorney for the ***Jarvis*** husband. ***Id***. The attorney refused to accept service. The matter went before the trial court on a motion for default filed by the ***Jarvis*** wife and a motion to dismiss the post-judgment petition filed by the ***Jarvis*** husband. The trial court denied the motion to dismiss and granted the wife's petition to modify. This Court's language in ***Jarvis*** concerning when service on counsel can be imputed to the party is worth repeating in its entirety:

> The question of when notice to a litigant's or former litigant's attorney constitutes reasonable notice to the client himself turns upon the nature of their relationship at that time. *See* Annot., 62 A.L.R.2d 544, § 6[a] & [b] (1958). If the attorney still represents the client, then notice is sufficient. If, on the other hand, the attorney has had no contact with the client for an extended period of time and has no means of contacting him, notice is not sufficient. In the record before us there is no showing of what the relationship was between the Appellant and Attorney Lawrence at the time of the attempted service of notice. The Appellee, in her brief, argues a number of facts

which she says we should consider. However, they are matters outside the record or relate to documents which are not shown to have been properly introduced into the record. We find this issue cannot be properly resolved on the record before us and remand the case under T.C.A. § 27-3-128 on this issue.

We believe the proper procedure to follow in a case such as this one is for the attorney who is unaware of his or her former client's whereabouts to file a Rule 12.02, T.R.C.P., motion to dismiss for insufficient service of process, insufficient process, or lack of personal jurisdiction, as was done in this case. This motion should be accompanied by the attorney's affidavit stating that he no longer represents the client and that he has no knowledge of his present whereabouts, or such other facts as he feels make service of notice on him inappropriate. If the opposing party has conflicting information, a counter-affidavit may be filed. The court may hold a hearing on the matter if necessary to determine whether the client has received that reasonable notice to which he is entitled under our decisions. This will be the proper course for the trial court to follow on remand of this case. The issue will, of course, be decided in light of the relationship between Attorney Lawrence and Mr. Jarvis at the time of attempted service.

If, on remand, the court determines that at the time of the attempted service of notice the relationship between the Appellant and Attorney Lawrence was such as to make service on the attorney appropriate, the matter need not proceed further. If the circumstances are such as to make such notice inappropriate then the matter should be reheard after proper notice. Either party aggrieved by the court's holding has the right to appeal.

*Id*. at 696-97. In *Jarvis*, we offered "advice to attorneys by the editor of 62 A.L.R.2d at page 557" in an addendum. *Id*. at 697. The substance of the advice was that an attorney should withdraw from domestic relations cases "as soon as the action has resulted in a final judgment no longer subject to appeal" to avoid the risk of being served with post-judgment pleadings. *Id*.

We conclude in the present case that the evidence preponderates against the trial court's finding that Counsel continued to represent Husband at the time the motion for contempt was filed. The significant thing that is present in this case that was not present in *Jarvis* is the affidavit of Counsel. In it, he denies the existence of a continuing attorney-client relationship. Further, Counsel's affidavit states that by the time he was served with the motion, he had lost contact with Husband. Wife offers nothing to refute Counsel's affidavit other than the criticism that Counsel did not withdraw as advised in *Jarvis*.[2] Likewise, the only fact cited by the trial court in support of its factual finding that Counsel continued to represent Husband is that Counsel did not file a motion to withdraw until after the motion for contempt was filed. We do not view the "advice" offered in *Jarvis* to be controlling. The attorney for the *Jarvis* husband had not withdrawn, yet the case was remanded for a determination of the true relationship between counsel and the client. If the lack of withdrawal had been dispositive, no remand would have been necessary.

We believe that Counsel's unrefuted affidavit relating to service made *10 months* after all issues in the case had been addressed places the facts within the language in *Jarvis* that "[i]f . . . the attorney has had no contact with the client for an extended period of time and has no means of contacting him, notice is not sufficient." *Id.* at 697. Accordingly, we hold that the trial court erred in not invalidating the attempted service on Husband by way of the service on Counsel.

V.

The trial court's order holding Husband in contempt is vacated and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellee, Lara L. Battleson.

_____
CHARLES D. SUSANO, JR., JUDGE

[2]We note that Wife's notice of the rescheduled hearing was purportedly mailed directly to Husband at his new address and to a second attorney in North Carolina. As we previously noted, there is nothing in the record advising us as to the source of the new address or the role of North Carolina counsel. Wife does not argue that the second notice of hearing constitutes reasonable or fair notice as described in *Jarvis*, nor did the trial court base its finding of service on anything other than Tenn. R. Civ. P. 5 service on Counsel. Accordingly, we will not speculate regarding an issue that was not litigated below.