IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 26, 2014 Session

## PAMELA A. MORITZ v. MICHAEL P. TULAY

**Appeal from the Chancery Court for Knox County**
**No. 151759-3     Michael W. Moyers, Chancellor**

_____

**No. E2013-01528-COA-R3-CV-FILED-OCTOBER 17, 2014**

_____

This is a post-divorce action involving issues of child custody, co-parenting time, and child support. The parties, Pamela Moritz ("Mother") and Michael Tulay ("Father"), were divorced in Knox County in 2002. By agreement of the parties, custody of their children was vested in Mother, with Father being granted co-parenting time. Mother moved to Pennsylvania with the children in 2005 despite Father's objection to such relocation. Father continued to enjoy co-parenting time with the children and pay child support to Mother. In 2007, Father filed a petition seeking to modify his child support obligation due to the oldest child's reaching the age of majority. Thereafter, through a lengthy procedural history marked by Mother's continuing failure to abide by the trial court's orders, custody of the remaining minor child was granted to Father in 2009 while Mother was granted only supervised co-parenting time. Mother did not appeal the 2009 order. Subsequently, in 2012, Mother filed petitions seeking to modify the custody award and invalidate the trial court's prior orders. The trial court affirmed its earlier award of custody to Father as Mother presented no evidence of a material change of circumstance affecting the child's best interest. The court also determined that Mother's petitions to invalidate the earlier orders were untimely. Mother has appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Pamela A. Moritz, Lancaster, Pennsylvania, Pro Se.

Kimberly R. Taylor, Knoxville, Tennessee, for the appellee, Michael P. Tulay.

# OPINION

## I. Factual and Procedural Background

Mother and Father were married in 1984 and thereafter had three children. The parties divorced in Knox County in 2002. Pursuant to their divorce, the parties entered into an agreed permanent parenting plan, which named Mother primary residential parent and awarded Father co-parenting time with the children.

In 2005, Mother provided Father notice of her intent to relocate to Pennsylvania with the children. Father filed in the trial court a petition opposing such relocation on March 22, 2005. The trial court took no action on Father's petition, and Mother proceeded to move to Pennsylvania with the children. The proceedings remained dormant until March 2007 when Father filed a petition seeking modification of his child support obligation. In his petition, Father alleged that the parties' oldest child had attained the age of majority and was scheduled to graduate from high school in May 2007. Father also asserted that he should be granted a downward deviation in his guideline child support obligation due to the fact that he was required by Mother to bear the expense of traveling to and from Pennsylvania to exercise his co-parenting time. Father's petition provided notice that a hearing would be held on May 29, 2007.

Father's counsel attempted to have Mother served with a summons and a copy of the petition at her home in Pennsylvania, but the process server hired by Father's counsel reported via affidavit that Mother evaded his efforts to personally serve her with these documents. Father subsequently filed a motion requesting permission from the trial court to provide Mother with notice via publication. The court granted the motion, ordering the notice to be published in the *Reading Eagle*, a newspaper of general circulation in Reading, Pennsylvania, for four consecutive weeks. The court also ordered the clerk and master to transmit a copy of Father's petition to Mother at her home address via certified mail. The record contains proof that the notice by publication was accomplished. Thereafter, on June 22, 2007, Mother sent a letter to the clerk and master, instructing that any further communications be sent to her home address in Pennsylvania.

On September 11, 2007, Father filed a motion seeking to compel Mother's response to discovery documents previously mailed to her. In this motion, Father's counsel included a notice that a hearing regarding the motion to compel and the request for modification of child support had been scheduled for September 18, 2007. The motion contained a certificate of service stating that the document was sent via overnight delivery to Mother's home on September 10, 2007.

A hearing was held before the child support referee[1] on September 18, 2007, and Mother failed to appear. The referee specifically found that Mother had been properly notified and was aware of the proceedings as evidenced by her letter to the clerk and master dated June 22, 2007. Findings and recommendations from the hearing were entered September 28, 2007, wherein Father's child support obligation was reduced to $1,025.00 per month. Further, Father was granted a judgment against Mother for attorney's fees in the amount of $2,250.00. The findings and recommendations contain a certificate of service showing that the document was mailed to Mother at her home in Pennsylvania.

On October 15, 2007, Mother sought a rehearing regarding the referee's findings and recommendations. The respective hearing was scheduled for December 21, 2007, for which Mother admits she had prior notice. Claiming that she could not attend the hearing due to inclement weather, Mother faxed to the court a request for a continuance on December 20, 2007. As the court found that Mother's claim of inability to travel was not credible, the request for a continuance was denied. At the hearing on December 21, 2007, Father filed another petition seeking a further modification of child support inasmuch as the parties' second child had reached the age of majority. Father also sought a modification of the permanent parenting plan, alleging that Mother had denied his requests to see the children since the date of the previous child support hearing. Upon Father's request, the trial court issued a temporary injunction prohibiting Mother from interfering with Father's co-parenting time. The court also denied Mother's request for a rehearing as untimely because the request was not filed within ten days of the referee's decision.[2] The referee's findings and recommendations were confirmed, and Father was granted an additional judgment against Mother for attorney's fees in the amount of $400.00. The temporary injunction was served upon Mother through the Tennessee secretary of state.

Thereafter, Mother again sought a rehearing by filing a request on January 9, 2008. The trial court conducted a hearing on April 22, 2008, wherein Mother's counsel made an appearance on her behalf. The trial court entered a judgment confirming its earlier rulings. On May 20, 2008, Mother (through counsel) filed motions seeking relief from the court's earlier judgments regarding child support and attorney's fees. Mother also filed an answer seeking dismissal of Father's petition opposing relocation, as well as a motion for the court to decline its exercise of jurisdiction, pursuant to Tennessee Code Annotated § 36-6-622.

---

[1]We note that effective May 20, 2009, the title of the child support referee was changed to magistrate pursuant to Chapter 235, §1 of the Public Acts of 2009.

[2]Pursuant to Tennessee Code Annotated § 36-5-405, a request for rehearing from the magistrate's decision must be filed within five judicial days. This error in the trial court's order does not affect the propriety of the order or our analysis, however, as Mother's request was still untimely.

Mother asserted that the Pennsylvania court would be a more convenient forum. On May 14, 2008, the court entered an order allowing the withdrawal of Mother's counsel and scheduling Father's summer co-parenting time with the parties' sole remaining minor child to begin on May 30, 2008.

On May 30, 2008, Father traveled to Mother's home in Pennsylvania to retrieve the child. As Mother and the child were not there, however, Father learned that Mother had allegedly taken the child and was staying at an undisclosed location to avoid Father's exercise of co-parenting time. On July 11, 2008, Father filed a motion seeking an injunction compelling Mother to bring the child to him for visitation. In this motion, Father included a notice of hearing for July 23, 2008. The attendant certificate of service provides that this document was mailed to Mother on July 11, 2008. At the hearing, Mother did not appear, and no attorney appeared on her behalf. The court granted the injunction, stating in relevant part:

> Accordingly, this Court Orders that an Injunction shall issue which shall order Pamela Moritz to bring the parties' minor child, [M.T.], to the Knox County Chancery Court, Part III, located at 400 Main Street, City-County Building, Knoxville, Tennessee 37902 at 9:00 a.m. on the 1st day of August, 2008 for Father to have co-parenting time with said child. Additionally, the Court does Order that Michael Peter Tulay shall have co-parenting time with the child from 9:00 a.m. on August 1, 2008 until 5:00 p.m. on August 24, 2008 with Mother to be solely responsible for all transportation on August 1st to bring the child to Tennessee and on August 24, 2008 to retrieve the child. If the Mother does not comply with this Injunction, the Court shall issue a Show Cause Order requiring her to appear before this Court and show cause why she should not be incarcerated as a result of her failure to comply and/or the Court may also enter an immediate Order changing primary custody of [M.T.] to Father.
> . . .

In the same order, the trial court denied Mother any relief from the court's prior judgments, denying also her motions to alter or amend and/or for a new trial. Further, the court denied Mother's motion asking the court to decline jurisdiction so that the matter could be heard by the Pennsylvania court. The trial court specifically found that Mother had received proper notice of all hearings and pending motions. Issues of contempt and attorney's fees were reserved for further hearing.

During the hearing conducted on August 1, 2008, Mother failed to appear with the child as ordered. The court subsequently entered an Order on August 12, 2008, finding that Mother was properly and personally served with the injunction by the Berks County Sheriff's

Department in Pennsylvania and had sufficient notice and opportunity to comply. The court further found Mother to be in contempt, ordering that an instanter attachment be issued for her arrest. As the court ordered, Mother could be released when she tendered the child to Father's custody. The order also provided that primary custody of the child would be transferred to Father and that Mother would have supervised visitation with the child at Parent Place.[3] The court held that because Mother failed to respond to discovery, her income would be imputed at the statutory amount of $29,300.00 per year with child support set accordingly.

On September 12, 2008, Mother relinquished the child to Father's care and custody. Father subsequently filed a motion seeking an amendment of the existing permanent parenting plan to reflect that he had been granted custody of the child. In his motion, Father asserted that Mother had not properly home-schooled the child and that the child was found upon testing to be academically disadvantaged. Father stated that he was obtaining tutoring and other assistance for the child in order to alleviate his delays.

A hearing was conducted on February 27, 2009, again before the child support referee. Based upon the evidence presented, the referee established Mother's child support obligation and awarded Father a judgment for the child support arrearage and attorney's fees. An instanter attachment was issued for Mother's arrest due to her failure to appear. In April 2009, the trial court conducted a hearing regarding the permanent parenting plan, entering an order on May 8, 2009. The order recites, *inter alia*, that although Mother had notice of the hearing and had communicated with the chancellor's secretary, she did not appear. The court, determining that the original petition opposing relocation was moot, focused on Father's amended petition seeking modification of the parenting plan. The court stated in pertinent part:

> Specifically, the Court finds that subsequent to the entry of a Permanent Parenting Plan on June 2, 2002 which was incorporated into a Final Judgment of Divorce on September 3, 2002, an unanticipated significant change of circumstances has occurred which is sufficient to change custody and which affects the parties' one remaining minor child. The Court has listened to the testimony, and the Court is further painfully familiar with the history of this case. Ms. Moritz seems determined to show her contempt for this Court and for the entirety of the judicial system. The Court notes that there is a pending Instanter Attachment against her from our Child Support court for her continual refusal to appear before that Court. The Court finds that Ms. Moritz's behavior is erratic and is a danger to the child. The child has suffered

---

[3]Parent Place is a facility that provides supervised visitation services for non-custodial parents.

educational deficiencies because Ms. Moritz has home schooled the child and because of Ms. Moritz's lack of teaching abilities and unwillingness to enroll the child in a normal school. The Court finds that Ms. Moritz has engaged in a pattern and practice of failing to comply with the previous orders of the Court and in interfering with Mr. Tulay's time with the parties' child and that Ms. Moritz has intentionally attempted to alienate the relationship between all of the parties' children and Mr. Tulay. The Court finds that Ms. Moritz's conduct has adversely affected [M.T.]. On the other hand, the Court finds Mr. Tulay to be an adequate, compassionate (perhaps too compassionate), very patient gentleman in dealing with all of these matters. The Court finds him to be a good and adequate parent for [M.T.]. The Court finds that it is, without question, in the best interest of the parties' minor child, [M.T.], that the Amended Petition of Michael Peter Tulay be granted and that the Permanent Parenting Plan proposed by Michael Peter Tulay and filed March 5, 2009 be entered as an Order of the Court.

Father was also granted a judgment against Mother in the amount of $9,825.24, representing a child support arrearage owed through February 27, 2009. The court assessed interest on this judgment at the statutory rate of twelve percent per annum. The court also granted Father a judgment against Mother in the amount of $19,172.48 for attorney's fees and expenses. Mother did not file an appeal from this order.

More than three years later, in December 2012, Mother filed a petition seeking modification of the permanent parenting plan and custody award. In response, Father filed a *pro se* "Petition for Modification of Permanent Parenting Plan and Custody Order," which actually contained his answer to Mother's petition and asked for custody of the child to remain with him but with Mother receiving more substantial co-parenting time. Mother, alleging that Father had failed to respond to her petition, filed a motion seeking a default judgment against Father. Mother also filed petitions seeking revocation of the court's prior orders regarding custody and child support.

A hearing was conducted on May 21, 2013. On May 31, 2013, the trial court entered an order denying mother's petition for default judgment, having found that Father had adequately answered the petition. The court also denied Mother's petition for modification, having found that it was in the best interest of the child to remain in Father's custody. The court further found that Mother's petitions seeking revocation of the court's prior orders were untimely filed. Mother initiated a notice of appeal from this order on June 28, 2013.

## II. Issues Presented

Mother presents the following issues for our review, which we have restated slightly:

1.      Whether the trial court erred by failing to follow procedural requirements when denying Mother's petition for default judgment.

2.      Whether the trial court erred by proceeding without subject matter jurisdiction and in the absence of service of process upon Mother.

3.      Whether the trial court erred by arbitrarily and capriciously ignoring evidence presented by Mother.

4.      Whether the trial court erred by failing to consider the best interest of the child.

Father presents the following additional issues:

5.      Whether this Court should dismiss the appeal for failure to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6.

6.      Whether this Court should award Father attorney's fees and costs incurred on appeal.

## III. Standard of Review

In this non-jury case, our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Tenn. R. App. P. 13(d). We must honor this presumption unless we find that the evidence preponderates against the trial court's findings. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law are not afforded the same deference. *Id.*

## IV. Default Judgment

Mother asserts that the trial court erred in failing to grant her a default judgment pursuant to her petition seeking modification of the permanent parenting plan and custody order filed in December 2012. Mother alleges that she requested a default judgment regarding her petition because her petition was properly served upon Father and that Father

failed to file a response. Father posits, however, that he did file a response, which was erroneously titled "Petition for Modification of Permanent Parenting Plan and Custody Order."

As the trial court determined, Father's responsive pleading did adequately answer the allegations of Mother's petition despite its title. In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 463 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Tennessee Rule of Civil Procedure 55 provides that judgment by default may be entered when a party "has failed to plead or otherwise defend as provided by these rules." Father did not fail to plead or otherwise defend in this action; therefore, the trial court was correct in denying Mother's motion for a default judgment.

## V. Subject Matter Jurisdiction and Due Process

Mother contends that the trial court was without subject matter jurisdiction in this matter and that she was never properly served with process. Father asserts that the trial court maintained continuing jurisdiction because it rendered the initial ruling regarding custody, co-parenting, and child support. Father further asserts that Mother was properly served with process both by publication and by mail.

## A. Subject Matter Jurisdiction

Regarding subject matter jurisdiction, Mother posits that Tennessee was no longer the home state of the child pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified at Tennessee Code Annotated § 36-6-201 *et seq*. Father contends, however, that Tennessee Code Annotated § 36-6-217 controls, giving the trial court continuing jurisdiction over this matter. We agree with Father.

Tennessee Code Annotated § 36-6-217 (2014) states in pertinent part:

(a) Except as otherwise provided in § 36-6-219, a court of this state which has made a child-custody determination consistent with this part has exclusive, continuing jurisdiction over the determination until:

(1) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

No such determinations were made by the court in this action. The trial court made an initial child custody determination in 2002 pursuant to the parties' divorce, providing that court exclusive, continuing jurisdiction. Father has maintained his residence in Tennessee throughout the pendency of these proceedings. The child has resided in Tennessee for the majority of the time as well. Further, Mother asked the trial court to decline to exercise jurisdiction pursuant to Tennessee Code Annotated § 36-6-222 and find that the Pennsylvania court was a more convenient forum, but the trial court refused to do so. Therefore, pursuant to the statute, the trial court retained jurisdiction to make a child custody modification.

Similarly, with regard to child support, Tennessee Code Annotated § 36-5-2205 (2014) provides in pertinent part:

(a) A tribunal of this state that has issued a child support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order and:

(1) At the time of the filing of a request for modification this state is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) Even if this state is not the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued, the parties consent in a record or in open court that the tribunal of this state may continue to exercise jurisdiction to modify its order.

Because the Tennessee court had issued the controlling child support order and Father remained a resident of Tennessee, the court retained jurisdiction to modify the support. Mother's issues regarding jurisdiction are without merit.[4]

## B. Due Process

Mother asserts that she was never properly served with process when Father's action seeking to modify his child support obligation was initiated and further contends that she did not receive proper notice of the subsequent hearings. Mother's argument fails to recognize that decrees regarding custody and support of a child remain within the court's control and are subject to later modification based upon proper circumstances. *See* Tenn. Code Ann. § 36-6-101(a)(1). Therefore, a petition seeking to modify a decree of support, custody, or co-parenting is not a new action and only requires reasonable notice to the adverse party. *See Chambers v. Chambers*, No. 85-324-II, 1986 WL 7476 at *2 (Tenn. Ct. App. July 2, 1986).

As this Court has previously explained, in cases such as this where jurisdiction regarding matters of child support, custody, and co-parenting is continuing, notice requirements "upon commencement of an action to modify or enforce the decree are not so stringent as those for a new action. All that is required is that the adverse party be given 'reasonable notice,' that is, 'such as one desirous of actually informing the absent party might reasonably adopt.'" *See Gibson v. Prokell*, No. W2000-01236-COA-R3-CV, 2001 WL 935461 at *5 (Tenn. Ct. App. Aug. 15, 2001) (quoting *Jarvis v. Jarvis*, 664 S.W.2d 694, 696 (Tenn. Ct. App. 1983)).

In this action, Father attempted to have his initial petition to modify his child support obligation personally served upon Mother at her home in Pennsylvania, but she evaded such service. Father subsequently and with the trial court's permission published notice in a newspaper of general circulation in Mother's town of residence. The court also mailed the documents to Mother via certified mail. Mother clearly received notice of the pending proceedings as evidenced by her response letter to the clerk and master instructing that all future correspondence be sent to her home. Subsequent pleadings and notices of hearing were sent to Mother at her home address, and Mother also corresponded with the trial court regarding hearing dates. As the record demonstrates and the trial court found, Mother received proper notice of the proceedings and hearing dates in this matter. This issue is also without merit.

---

[4]We also note that Mother has clearly waived any objection to personal jurisdiction by making a voluntary "general appearance" before the court in order to defend the suit on the merits, rather than a "special appearance" for the purpose of contesting personal jurisdiction. *See Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994).

## VI. Propriety of Appeal

Father asserts that Mother's appeal should be dismissed for failure to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Rule of the Court of Appeals 6 regarding the required contents of appellate briefs.[5] Father contends that Mother's appellate

---

[5]Tennessee Rule of Appellate Procedure 27 provides in pertinent part:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

(continued...)

brief does not mention the May 31, 2013 order, which is the only order from which Mother could appeal. Mother's *pro se* brief does not appear to be so deficient as to warrant dismissal based on either Tennessee Rule of Appellate Procedure 27 or Tennessee Rule of the Court of Appeals 6.

We do recognize, however, that Mother failed to timely appeal from the order with which she ultimately takes issue. Mother did not appeal the trial court's order entered in 2009, which modified the parties' permanent parenting plan by awarding custody to Father and assessing child support against Mother. Mother's 2012 petitions essentially seek to further modify the 2009 child custody award or attempt to attack the earlier judgments.

As to the 2009 order granting custody to Father, Mother has failed to show that she presented any new evidence warranting a modification of the order. A modification of a court's prior decree regarding custody and co-parenting requires demonstration of a material change of circumstance affecting the child's best interest. *See* Tenn. Code Ann. § 36-6-101(a)(2)(C). In its order dated May 31, 2013, the trial court found that it was in the child's best interest to remain in Father's custody. In the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support this judgment. *See Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 48 (Tenn. Ct. App. 2013). We must therefore affirm the judgment. *Id.*

---

[5](...continued)
Tennessee Rule of the Court of Appeals 6 provides in pertinent part:

(a) Written argument in regard to each issue on appeal shall contain:

> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

In regard to Mother's petitions seeking revocation of the 2009 orders modifying custody and setting support, Mother's only avenue of relief from these final orders would be pursuant to Tennessee Rule of Civil Procedure 60.02, which provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Mother has shown no basis warranting relief from the trial court's prior orders pursuant to Rule 60.02. For these reasons, we affirm the trial court's May 31, 2013 order finding Mother's petitions seeking relief from the court's prior orders to be without merit and untimely.

## VII. Attorney's Fees

Father asserts that he should be awarded attorney's fees incurred in defending this appeal pursuant to Tennessee Code Annotated § 27-1-122, which provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

As this Court has previously stated:

Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.

A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding. Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding.

*Young*, 130 S.W.3d at 66-67 (internal citations omitted).

We determine this appeal to be frivolous inasmuch as Mother provided no transcript or statement of the evidence from which we could review the propriety of the court's decision regarding modification and further because her petitions seeking to invalidate the court's prior orders were untimely. We therefore remand this case to the trial court for determination of a reasonable award of attorney's fees to Father incurred in defending this appeal.

## VIII. Conclusion

For the reasons stated above, we affirm the judgment of the trial court. Father's request for an award of attorney's fees on appeal is granted. This case is remanded to the trial court for a determination of a reasonable award of attorney's fees and for enforcement of the judgment and collection of costs below. Costs on appeal are taxed to the appellant, Pamela A. Moritz.

_____
THOMAS R. FRIERSON, II, JUDGE